UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| A CORP. d/b/a ROOTER MAN ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> A Best Sewer & Drain Service, Inc., and ) <br> Guy Joseph Lavenia Sr., ) <br> Defendants ) <br> ) | CIVIL ACTION NO. <br> 05 CA 11655 NMG |

## DONALD MACDONALD'S AFFIDAVIT IN SUPPORT OF PLAINTIFF'S APPLICATION FOR A JUDGMENT BY DEFAULT PURSUANT TO RULE 55(b)(2)

1. I am Donald MacDonald, the President and CEO of A Corp. d/b/a ROOTER MAN ("Plaintiff").

2. I have personal knowledge as to the statement set forth in this affidavit.

3. In February 2001, I, on behalf of Plaintiff, attended the International Pumper and Cleaner Environmental Expo held in Nashville, Tennessee (the "2001 Trade Show") at which Plaintiff was an exhibitor as the franchisor of the ROOTER MAN franchise.

4. Defendant Lavenia went to the Trade Show presenting himself as "ROOTER MAN" by using the *ROOTER MAN* name on his outfit and business cards.  I was surprised when someone introduced me to Defendant Lavenia who claimed himself as a "ROOTER MAN."

5. There were two prospective franchisees, Mr. Harold L. Allen and his brother, whom I had spoken with on multiple occasions before the 2001 Trade Show and they had showed great interests in joining the ROOTER MAN franchise.

6. I invited to Mr. Allen and his brother to attend the 2001 Trade Show and they were looking forward to meeting me at the 2001 Trade Show and joining the ROOTER MAN franchise.

7. Mr. Allen and his brother were residents of Hull, Georgia and had no known contact whatsoever with Defendants before the 2001 Trade Show.

8. At the 2001 Trade Show, I saw Defendant Lavenia talking to Mr. Allen and his brother before they had a chance to speak to me and/or our ROOTER MAN representatives.

9. Mr. Allen and his brother did not have any further contact with me regarding the ROOTER MAN franchise after Defendant Lavenia spoke to them.

10. The price to purchase a ROOTER MAN franchise at the time was $3,975.00 per unit.

11. Mr. Darrell Lovinggood, a resident of South Carolina, purchased the ROOTER MAN franchise in early 2005 and attended the ROOTER MAN training seminar that was conducted at the 2005 International Pumper and Cleaner Environmental Expo ("2005 Trade Show") in February 2005.

12. At the 2005 Trade Show, Mr. Lovinggood was seen talking to Mr. Allen and his brother.

13. Upon information, Mr. Lovinggood visited Mr. Allen and his brother in Georgia soon after the 2005 Trade Show.

14. Subsequently, Mr. Lovinggood decided to cancel his purchase of the ROOTER MAN franchise and requested a full refund of the franchise fee that he paid to Plaintiff.

15. Since 2000, I have received, on multiple occasions, emails and phone calls from my franchisees and customers who were confused about the business relationship between the Defendants and my ROOTER MAN franchise.

16. On multiple occasions, I received complaints from Defendants' customers complaining about the poor services that Defendant(s) provided, and such complaints as to customers'

disappointing experience with "Rooter Man" seriously and adversely affected the outstanding reputation of Plaintiff's ROOTER MAN franchise.

17. I personally and my office personnel had to spent a lot of time explaining to the confusing customers and our franchisees that Defendants had no business relationship with our ROOTER MAN franchise.

18. In early 2005, I found that Defendants advertised for sewer and drain clean services using the name of ROOTER MAN on a website of "www.abestrooterman.com."

19. I started to receive much more confusing emails from 2005 and Plaintiff significantly increased its advertising budge by additional amount of $14,255.00, in 2005 compared with 2004.

20. Plaintiff A Corp suffered a loss of sales in 2005 in the amount of $79,109.00, which was approximately twenty percent (20%) down from that of 2004.

21. It will cost Plaintiff at least $10,316.50, which is equal to 25% of the 2005 advertising expense ($41,266.00), to publish a corrective advertisement nationwide clarifying that fact that there is no business relationship between the Defendants and Plaintiff.

Signed under pains and penalties of perjury this 23rd day of May 2006.

/s/ Donald MacDonald_____
Donald MacDonald
President & CEO
A Corp d/b/a ROOTER MAN

## CERTIFICATE OF SERVICE

      I certify that a true copy of the above document was served by mail to both Defendants, A Best Sewer & Drain Service, Inc at 2545 Delaware Ave., Kenner LA 70062, Guy Joseph Lavenia Sr. at 2231 Roosevelt Blvd., Kenner LA 70062, and Attorney Michael Carbo, at A Professional law Corporation, 700 Whitney Bank Building, 228 St. Charles Avenue, New Orleans, LA 70130 by first class mail on the date set forth below.

                                      /s/ Juan Liu_____
                                      Juan Liu

Date: May 24, 2006