UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

A CORP. d/b/a ROOTER MAN                            )
                                    Plaintiff         )
                                                      )
v.                                                    )
                                                      )        CIVIL ACTION NO.
A Best Sewer & Drain Service, Inc., and               )        05 CA 11655 NMG
Guy Joseph Lavenia Sr.,                               )
                                    Defendants         )
_____             )


### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
### APPLICATION FOR A JUDGMENT BY DEFAULT PURSUANT TO RULE 55(b)(2)

NOW COMES  the Plaintiff A Corp. d/b/a ROOTER MAN ("Plaintiff") in the above

captioned matter and respectfully submits the following memorandum in support of its

Application for a Judgment by Default Pursuant to Rule 55(b)(2).

### INTRODUCTION

This is an action filed by Plaintiff against Defendants A Best Sewer & Drain Service, Inc.

("Defendant A Best"), and Guy Joseph Lavenia Sr. ("Defendants") for willful infringement of

Plaintiff's federally registered name/marks of *ROOTER MAN* and/or *A ROOTER MAN*, which

obtained incontestable status.  After the Complaint was filed on or about August 10, 2005, the

summons and copies of the Complaints were duly served on both Defendants on or about

December 5, 2005.  Although Defendants contacted Plaintiff, through their attorney Michael D.

Carbo, Esq., on or about January 9, 2006 requesting extension to file their answer and were

granted an extension to January 31, 2006, they failed to file any document with the Court more

than five (5) months after the service of the summons and the Complaint.  Additionally,

1

Defendants' attorney ceased communication with Plaintiff's attorney after the initial contact on or about January 9, 2006. Plaintiff subsequently moved for entry of default. A default was entered on or about March 28, 2006.

## RELEVANT FACTS

1. In or about January, 1981, Rooter Man Corporation, started to use the name and marks of *ROOTER MAN* and *A ROOTER MAN* to offer ROOTER MAN franchises that provided plumbing, sewer, and drain cleaning services in the Commonwealth of Massachusetts and interstate commerce.

2. Plaintiff was incorporated under the name of A Corp in March, 1982 as the assignee of the franchise business of Rooter Man Corp. and has continuously promoted sales of the ROOTER MAN franchises in the United States and worldwide since 1982.

3. Through its active use of the *ROOTER MAN* and *A ROOTER MAN* names and marks through the United States and worldwide, *ROOTER MAN* and *A ROOTER MAN* name/marks have become distinctively identified in the trade with Plaintiff and, in particular, with its growing reputation for plumbing, sewer, and drain cleaning services that its franchisees provide. To date, Plaintiff has been named, for the fourth (4th) consecutive year, number one franchise in the category by Entrepreneur Magazine and has been ranked number nine (9) out of the top thirty (30) New England franchises.

4. In August, 1988, Plaintiff hired Thomson & Thomson, through its attorney, to fully search any federally registered name/marks and common law name/marks that are identical or substantially similar to the *A ROOTER MAN* and *ROOTER MAN* name/marks. The report of Thomson & Thomson did not indicate any adoption or use of *ROOTER MAN* or *A ROOTER MAN* name/marks by Defendants by August, 1988.

5.  To protect its substantial investment in the *ROOTER MAN* and *A ROOTER MAN* marks,

Plaintiff applied for federal registration of the marks in 1990 and obtained the registration of

the *A ROOTER MAN* mark on the principal registration of the United States Patent and

Trademark Office ("USPTO") on or about August 20, 1991.  (Reg. No. 1,654,512).  In

addition, Plaintiff obtained registration of the *ROOTER MAN* mark on the principal

registration of the USPTO on or about September 3, 1991.  (Reg. No. 1,655,782).  *Attached*

*hereto as Exhibit 1 are true and accurate copies of Plaintiff's Federal Trademark*

*Registration Certificates for ROOTER MAN and A ROOTER MAN*.  The marks were

specifically registered for cleaning and repairing septic systems and clearing clogged pipes

and drains, in class 37 (U.S. CL. 103).

6.  Plaintiff has actively taken steps to protect its rights in the *ROOTER MAN* and *A ROOTER*

*MAN* names and marks.  Whenever Plaintiff noticed any unlicensed use of *ROOTER MAN*

and/or *A ROOTER MAN* name/marks in the marketplace, Plaintiff actively notify the possible

infringers by sending out cease and desist letters and, on multiple occasions, the infringers

who received Plaintiff's cease and desist notifications agreed to cease their unauthorized use

of the name/marks.  Additionally, the *ROOTER MAN* and *A ROOTER MAN* marks have

obtained uncontestable status in 1997.  *Attached hereto as Exhibit 2 are true and accurate*

*copies of the notices from the USPTO*.  Furthermore, Plaintiff actively monitor any potential

trademark registration conflict at USPTO through a Pending Application Watch program

provided by THOMSON & THOMSON.

7.  Upon information and belief, Defendant A Best was formed in or about 1977 to provide

plumbing, sewer, and drain cleaning services.

8.  With actual and/or constructive notice of Plaintiff's federal registration of the *ROOTER MAN* and *A ROOTER MAN* marks, Defendants registered a service mark *ROOTER MAN* with the Louisiana Secretary of State on or about April 13, 1996, which was about five (5) years after Plaintiff's federal registration.

9.  Upon information and belief, Defendants used *ROOTER MAN* mark in connection with their plumbing, sewer, and drain cleaning services within a certain limited geographic area in the State of Louisiana only.

10.  To promote its business and protect its rights in *ROOTER MAN* and *A ROOTER MAN* name/marks, Plaintiff used *ROOTER MAN* name to register a domain name of *rooterman.com* with "whoisdotster.com" on or about August 1, 1997.  Similarly, Plaintiff used *A ROOTER MAN* name to register a domain name of *arooterman.com* with "whoisdotster.com" on or about July 17, 2000.  Plaintiff actively used and continues to use the above websites to promote its ROOTER MAN franchise sales and related services since the registration.

11.  In February 2001, at an International Pumper and Cleaner Environmental Expo("2001 Trade Show") held in Nashville, Tennessee where Plaintiff was an exhibitor as the franchisor of the ROOTER MAN franchise, Defendant Lavenia went to the show presenting himself as "ROOTER MAN" using the *ROOTER MAN* name on his outfit and business cards. Additionally, Defendant Lavenia was witnessed walking around, talking to other people at the show and, upon information and belief, challenging Plaintiff's rights to the *ROOTER MAN* and/or *A ROOTER MAN* name/marks.

12. Mr. Donald MacDonald, the President and CEO of Plaintiff A Corp, was surprised when he was introduced to Defendant Lavenia who appeared as a "ROOTER MAN" at the 2001 Trade Show.

13. As a result of Defendants' conduct at the 2001 Trade Show, Plaintiff lost several prospective franchisees who showed great interests in joining the ROOTER MAN franchise organization right before the trade show and were seen talking with Defendant Lavenia at the trade show. *See Donald MacDonald's Affidavit submitted herewith.*

14. On or about October 22, 2001, about eight (8) months after the Defendants' infringing conduct at the 2001 Trade Show, Defendants used the term of *ROOTER MAN* and/or *A ROOTER MAN* to register a domain name of *abestrooterman.com* with "whoisopensrs.net." Defendant Lavenia was listed as the administrative contact for the registration.

15. Defendants advertised for sewer, drain cleaning services, and solicited for customers using the *ROOTER MAN* name and/or mark on the website of *abestrooterman.com*, which is accessible in Massachusetts and is interactive.

16. On their online advertisement and other marketing materials, Defendants fraudulently use the federal trademark registration symbol -®- with the *ROOTER MAN* mark indicating federal registration when they clearly knew about Plaintiff's federal registration of the mark. *Attached hereto as Exhibit 3 are some of the printouts from Defendants' website.*

17. Defendants' intentionally infringing use of Plaintiff's *ROOTER MAN* and/or *A ROOTER MAN* marks in the domain name of *abestrooterman.com* and website advertisement has caused confusion in the marketplace, including Massachusetts, as to the business relationship between the parties. *Attached hereto as Exhibit 4 are true and accurate copies of email from some of Plaintiff's franchisees and Plaintiff's phone call note showing the confusion.*

18. Since 2000, Plaintiff has received, on multiple occasions, complaints from Defendant(s)'s customers complaining about the poor services provided by Defendant(s), which severely injured Plaintiff's outstanding reputation in the field. *Attached hereto as Exhibit 5 are true and accurate copies of emails from Defendant(s)'s customers.*

19. Defendants' infringing use of Plaintiff's *ROOTER MAN* and *A ROOTER MAN* name/marks in their domain name *abestrooterman.com* and website advertisement caused dilution of the distinctive quality of the Plaintiff's federal marks.

20. Upon information and belief, Defendants chose to use the *ROOTER MAN* and/or *A ROOTER MAN* marks nationwide, after they learned of Plaintiff's rights to the marks, in order to trade off the goodwill associated with Plaintiff's *ROOTER MAN* and *A ROOTER MAN* marks. Given the level of recognition of Plaintiff's marks in plumbing, sewer, and drain cleaning markets and Defendants' infringing conduct at the 2001 Trade Show, it is virtually impossible that Defendants could have used Plaintiff's names/marks nationwide without knowing of the infringement.

21. Plaintiff has made various attempts to have Defendants cease and desist from their infringing use of Plaintiff's marks. *Attached as Exhibit 6 are copies of Plaintiff attorney's letters to Defendants seeking to have them cease and desist their infringing conduct.* Defendant A Best, however, filed a civil action against Plaintiff in the 24th Judicial District Court, Parish of Jefferson in Louisiana, in December 2004, claiming trademark rights to the Rooter Man mark based on an alleged earlier use in Louisiana and seeking a permanent injunction, enjoining Plaintiff, its officers, agents, servants, employees and attorneys, from any use, advertisement, promotion, sale, and/or distribution of the *ROOTER MAN* mark or anything

substantially similar to it.  Defendant A Best did not mention in its pleadings, however, that Plaintiff owned federal trademark registrations.

22. Plaintiff has made efforts to resolve Defendant A Best's action without litigation.  Defendant A Best, however, declined Plaintiff's attempt to settle.  *Attached as Exhibit 7 is true and accurate copy of a letter from Plaintiff's attorney to the attorney of Defendant A Best.*

23. Issues in connection with Plaintiff's federal registrations of *ROOTER MAN* and *A ROOTER MAN* marks were not raised in the Louisiana State action.

24. Plaintiff filed the Complaint in the present case against Defendants for federal trademark infringement with this Court on or about August 10, 2005.

25. Both Defendants reside in the State of Louisiana.

26. Defendants were served on or about December 5, 2005, and the service was within the 120 days period allowed by Fed.R.Civ.P. 4(m).  *Attached hereto as Exhibit 8 are true and accurate copies of the summons and proof of service.*

27. Defendants had twenty (20) days from the service to file their response under Fed.R.Civ.P. 12(a) and said response was due on or about December 27, 2005.

28. Defendants did not file their answers or any other documents with the Court by December 27, 2005.

29. On or about January 9, 2006, Attorney Michael Carbo called Plaintiff's attorney and indicated that he represented the Defendants and requested an extension to answer Plaintiff's Complaint to the end of January.  Plaintiff's attorney subsequently notified Attorney Carbo by phone that Plaintiff was agreeable to the extension as he requested.

30. Subsequent to the phone conversations on or about January 9, 2006, Attorney Carbo ceased to communicate with Plaintiff's attorney and did not answer or return Plaintiff's attorney's

phone calls. *Attached hereto as Exhibit 9 is a true and accurate copy of a letter to Attorney Carbo dated February 16, 2006, mailing acknowledgement and returned receipt from Defendants*.

31. Plaintiff subsequently filed a Motion for Entry of Default against Defendants, which was allowed by the Court on or about March 28, 2006. *Attached hereto as Exhibit 10 is a true and accurate copy of the electronic Court notice*.

32. While the current action is pending, Defendants continued to use the name/mark *ROOTER MAN / A ROOTER MAN* in its online advertisement and its website of "*abestrooterman.com*" continued to operate. *Attached hereto as Exhibit 11 is some random printouts of the "abestrooterman.com" website*.

33. While the present action is pending, Plaintiff kept receiving emails evidencing actual confusion as to the relationship between Plaintiff and Defendants. *See Exhibit 5*.

34. Plaintiff started to receive more emails and phone calls evidencing confusion from 2005 and Plaintiff suffered total sale loss in the amount of $79,109.00 (20% decrease from 2004). *Attached hereto as Exhibit 12 is a summary of Plaintiff's audited financial statement regarding the total sales from 2004 to 2005. See also Donald MacDonald's Affidavit submitted herewith*.

35. Plaintiff's expense for advertising for its franchise market promotion in 2005 was $41,266.00, which was $14,255.00 more than that in 2004. *See Exhibit 12*.

36. It will cost Plaintiff at least $10,316.50, which is equal to 25% of the 2005 advertising expense ($41,266.00), to publish a corrective advertisement nationwide clarifying the fact that there is no business relationship between the Defendants and Plaintiff. *See Donald MacDonald's Affidavit submitted herewith*.

## ARGUMENT

The facts relevant to the current action were established by Defendants' default. Consequently, the Court should find Defendants liable for each of the counts alleged in the Complaint. Additionally, with the Court's finding of willful infringement, Plaintiff is entitled to permanent injunctive relief, compensation for its actual damages, and costs of this action plus reasonable attorney's fees.

### A. Defendants' Liabilities were Established by Their Default

It has been well settled in this jurisdiction that "a party who defaults is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability." *See Franco v. Selective Ins. Co.*, 184 F.3d 4, 9 n. 3 (1st Cir. 1999). When default is entered against a defendant, each of the plaintiff's claims must be considered established as a matter of law. *See Brockton Savings Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 13 (1st Cir. 1985).

In the present case, Plaintiff alleged, in its Complaint, that Defendants willfully infringed Plaintiff's federally registered trade name/marks and service marks of *ROOTER MAN* and *A ROOTER MAN* and fraudulently used the federal registration symbol -®- with its infringing use of the name/marks. Plaintiff further claimed that Defendants' infringing conduct constituted: (1) infringement of federal trademark /service mark in violation of section 32 of the Lanham Act, 15 U.S.C. §1114; (2) false designation of origin in violation of 15 U.S.C. §1125(a); (3) dilution in violation of 15 U.S.C. § 1125(c); (4) unfair business practice / unfair competition; (5) unjust enrichment; and (6) fraud.

Because Defendants failed to defend or file any documents with the Court, a default was entered against them. According to the precedent cases cited above, each factual allegation in

Plaintiff's Complaint must be found true and each count of the Complaint must be considered established as a matter of law.  Therefore, a judgment on all counts in Plaintiff's Complaint should be entered in favor of Plaintiff and against Defendants.

**B.  Plaintiff is Entitled to Permanent Injunctive Relief**

Under *15 U.S.C. §§ 1114, 1116,* a registrant of a federal mark may obtain an injunction to prevent future infringement.  Since the Defendants defaulted herein, Plaintiff is now seeking a permanent injunction rather than a preliminary injunction.  This jurisdiction considers four factors in determining the issue of application of preliminary injunction: "1) the plaintiff's likelihood of success on the merits; 2) whether the plaintiff risks suffering irreparable harm if the injunction is not granted; 3) whether such injury outweighs that harm that injunctive relief would cause for the defendant; and 4) whether the public interest would be adversely affected by granting or denying an injunction."  *See American Board of Psychiatry and Neurology, Inc. v. Johnson-Powell*, 129 F.3d 1 (1st Cir. 1997) citing *Societe Des Produits Nestle, S.A. v. Casa Helvetia, Inc., 982 F.2d 633, 640 (1st Cir.1992).*

**1.  Plaintiff's success of merits was established by Defendants' default.**

When default is entered against a defendant, each of the plaintiff's claims must be considered established as a matter of law.  *See Brockton Savings Bank,* 771 F.2d at 13.  Pursuant to such ruling, Plaintiff's success on the merits of all counts was established by Defendants' default in the present case.

**2.  Plaintiff will suffer irreparable harm if the injunction is not granted.**

The First Circuit has held that "by its very nature, trademark infringement results in irreparable harm because the attendant loss of profits, goodwill, and reputation cannot be satisfactorily quantified, and, thus, the trademark owner cannot adequately be compensated."

*See American Board of Psychiatry and Neurology, Inc.*, 129 F.3d, at *4; *see also Camel Hair and Cashimere Institute of America, Inc. v. Associated Dry Goods Corporation*, 799 F.2d 6, 14-15 (1st Cir. 1986) and *Trak, Inc. v. Benner Ski, K.G.*, 475 F.Supp. 1076, 1078 (D.Mass. 1979) (If defendants are unlawfully infringing plaintiff's trademark, irreparable harm flows from the injury…").

In the present case, Defendants' willful infringement of Plaintiff's marks caused irreparable harm to Plaintiff's goodwill, reputation in the field and loss of potential sales. Given the fact that Defendants ignored current legal action and continued its infringing conduct while the current action is pending, Defendants' infringing conduct is likely to continue and will continue to cause irreparable harm to Plaintiff in the future if the Court does not grant the permanent injunctive relief.

### 3. The injury caused by Defendants outweighs the harm that injunctive relief would cause for Defendants.

Courts usually grant injunctive relief if the hardship to plaintiff by denying the injunctive relief outweighs the harm caused by the injunctive relief. *See Safeway Stores, Inc. v. Safeway Properties, Inc.*, 307 F.2d 495, 134 (2nd Cir. 1962); *see also Syntex Laboratories, Inc. v. Norwich Pharmacal Co.*, 315 F. Supp. 45 (S.D.N.Y. 1970), aff'd 437 F.2d 566 (2nd Cir. 1971) (injunction granted).

In the present case, hardship to Plaintiff if the Court does not grant an injunctive relief will be substantial. Plaintiff has the exclusive rights to its federally registered marks that are incontestable. Such rights are violated by Defendants' willfully infringing use of the marks. Defendants' infringing use of the marks is likely and has actually caused confusion to the public as to the business relationship between the parties. Given the fact of Defendants' default and

that Defendants refused to cease and desist from their infringing conduct in spite of Plaintiff's multiple notifications of infringement and fraud, Plaintiff will continue to suffer irreparable harm in the future if the injunctive relief is not granted.  Although Defendants, if the permanent injunctive relief is granted, will have to stop their internet advertisement using the name ROOTER MAN and cancel the domain name of www.abestrooterman.com , Defendants have no rights to engage in such infringement and cannot claim harm if enjoined from violation of Plaintiff's rights.

### 4.  Injunctive relief will not adversely affect the public interest.

"The injury in an infringement case is two-fold: to the trademark owner through loss of good will and presumably profits and to the public because of confusion caused by the similar marks."  *See Keds Corp. v. Renee International Trading Corp.*, 888 F.2d 215 at 218 (1st Cir. 1989) (citing *Buckeye Associates v. Fila Sports, Inc.*, 616 F. Supp. 1484 (D.Mass. 1985)).

 In the present case, Defendants' infringing conduct has caused confusion to the public as to the business relationship between the Defendants and Plaintiff  and is likely to cause confusion in the future.  Given the fact that Defendants willfully infringed Plaintiff's marks and refused to discontinue the infringement, an injunctive relief will prevent Defendants from continuously infringing Plaintiff's marks and causing confusion to the public in the future.

### C.  Plaintiff is Entitled to Monetary Damages

Under 15 U.S.C. § 1117(a), Plaintiff shall be entitled to any damages sustained by Plaintiff as a result of Defendant's infringement.  In addition to a plaintiff's loss of earnings, courts may award the prevailing plaintiff costs that the plaintiff would need to engage in corrective advertisement.  *See, e.g., Thomas Nelson, Inc. v. Cherish Books, Ltd.*, 595 F. Supp. 989 (S.D.N.Y. 1984); and *Big O Tire Dealers, Inc. v. Goodyear Tire & Rubber Co.*, 408 F. Supp.

1219 (D. Colo. 1976) (awarded 25% of plaintiff's past advertising budget), modified 561 F.2d 1365 (10th Cir. 1977), cert. dismissed, 434 U.S. 1052 (1978).

In the present case, Plaintiff suffered from loss of sales as a direct result of Defendants' willful infringing conduct at the 2001 Trade Show. At the time of said infringement, the initial franchise fee to purchase a ROOTER MAN franchise was $3,975.00 per unit. Defendants' infringing conduct at the 2001 Trade Show caused Plaintiff's loss of several franchise sales, in value of at least $7,950.00.

In addition, Defendants' willful infringement through internet caused actual confusion among the public as to the business relationship between the Defendants and Plaintiff. Plaintiff received complaints about the inferior services provided by Defendants, believing that they were performed by Plaintiff's franchise. Plaintiff has spent a lot of time and efforts to clarify, in each complaint, that Defendants are not one of the ROOTER MAN franchises and that Defendants are not affiliated with Plaintiff. As such, Defendants' willful infringement of Plaintiff's federal trademarks caused irreparable injury to Plaintiff's outstanding reputation in the field. The damages from the confusion became more apparent since 2005 when Plaintiff received many more emails and phone calls evidencing the confusion. Plaintiff believes that, as a result of the confusion to the public, Plaintiff suffered from loss of sales of the ROOTER MAN franchises in the amount of approximately $79,109.00 (20% decrease from 2004).

Furthermore, to clarify the confusion to the public and save its reputation in the field, it will cost Plaintiff at least $10,316.50, which is equal to 25% of the 2005 advertising expense ($41,266.00), to publish a corrective advertisement nationwide clarifying the fact that there is no business relationship between the Defendants and Plaintiff.

Therefore, Plaintiff respectfully requests that the Court award it damages in the amount of $97,375.50 as described above plus interest.

## D.  Plaintiff is Entitled to Multiple Damages

Pursuant to 15 U.S.C. § 1117(a)(3), courts may award actual damages in an amount "not exceeding three times" the actual damages.  Courts are more willing to award multiple actual damages when the defendant is found liable for intentional infringement.  *See New York Racing Ass'n v. Stroup News Agency Corp.*, 920 F. Supp. 295, 301 (N.D.N.Y. 1996) (profits of about $5,000, and a reasonable royalty amount of about $750 were trebled because of intentional infringement); *see also Larsen v. Terk Technologies Corp.*, 151 F.3d 140 (4th Cir. 1998) (court trebled to almost $218,000 the profits of an intentional infringer).

In the present case, it is not disputed that Defendants knowingly and willfully infringed Plaintiff's federal marks and have continued such infringement in spite of repeated cease and desist demands by Plaintiff.  Accordingly, the Court should award Plaintiff treble damages.

## E.  Plaintiff is Entitled to Costs of the Action and Reasonable Attorney Fees

Under 15 U.S.C. § 1117(a), Plaintiff shall be entitled to recover the costs of the present action.  Further, 15 U.S.C. § 1117(a) provides that "the court in exceptional cases may award reasonable attorney fees to the prevailing party."  This jurisdiction has defined exceptional cases as cases in which the acts of trademark infringement were malicious, fraudulent, deliberate, **or willful,** and bad faith or fraud is **not** a necessary precondition to an award of attorney's fees in trademark infringement actions.  *See Tamko Roofing Products v. Ideal Roofing*, 282 F.3d 23, 31-32 (1st Cir.2002).  In addition, a case may be considered exceptional where the defendants disregard the proceedings and do not appear.  *See Nationwide Mutual Insurance Co. v. Hoyle Insurance, Inc.* 1994 WL 175024, *1 (D.Mass. 1994) (award of attorney fees is justified by

defendant's failure to respond to plaintiff's complaints and their overtures of settlement as well as to the pleadings); *see also Woman to Woman Inc. v. Woman to Woman Co.*, 2003 WL 1741110, at *4 (D.Me. 2003) (award of reasonable attorney fees to the plaintiff appropriate when the defendant refused to desist from its infringing practices and knowingly ignored the legal process).

In the present case, similar to the precedent cases cited above, Defendants admitted, by default and the Court should find same, that they willfully infringed Plaintiff's exclusive rights to its federally registered trademarks / service marks and refused to cease and desist from future infringement. Additionally, Defendants knowingly disregarded the current legal process. Plaintiff duly served on Defendants the summons and the Complaint and exercised due diligence to keep Defendants informed as to the progress of this litigation. Defendants, however, chose to ignore the lawful order of the Court and failed to file their answers to Plaintiff's Complaint or any documents with the Court. Accordingly, award of reasonable attorney's fees in the amount of $27,845.00 is appropriate in the present case. Plaintiff's request for attorney's fees and costs in connection with this action is further supported by attached attorney affidavits of Juan Liu, Esquire and William H. McCarter Jr., Esquire.

## CONCLUSION

WHEREFORE, based on the foregoing, Plaintiff respectfully requests that the Court grant its Application for Judgment by Default Pursuant to Rule 55(b)(2).

Respectfully Submitted
A Corp d/b/a ROOTER-MAN
By its attorney


/s/ Juan Liu
Juan (Jenny) Liu, BBO# 655921
William H. McCarter, Jr. BBO# 327620
P.O. Box 290
N. Billerica, MA 01862
Tel: (978) 667-1144
Fax: (978) 663-0061


Date: May 23, 2006


## CERTIFICATE OF SERVICE


I certify that a true copy of the above document was served by mail to both Defendants, A Best Sewer & Drain Service, Inc at 2545 Delaware Ave., Kenner LA 70062, Guy Joseph Lavenia Sr. at 2231 Roosevelt Blvd., Kenner LA 70062, and Attorney Michael Carbo, at A Professional law Corporation, 700 Whitney Bank Building, 228 St. Charles Avenue, New Orleans, LA 70130 by first class mail on the date set forth below.


Date:   May 24, 2006                    /s/ Juan Liu
                                        Juan Liu

**EXHIBIT    1**

# The United States of America



Nº 1654512

## CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, as amended, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for TEN years unless sooner terminated as provided by law.



In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this twentieth day of August 1991.

*Harry F. Manbeck, Jr.*

Mark:      A ROOTERMAN TO THE RESCUE (AND DESIGN)
Reg. No.:    1,654,512
Date of Reg.: August 20, 1991

<u>TO THE ASSISTANT SECRETARY AND COMMISSIONER</u>
<u>OF PATENTS AND TRADEMARKS</u>
<u>COMBINED DECLARATION OF USE</u>
<u>AND INCONTESTABILITY UNDER SECTIONS 8 & 15</u>
<u>OF THE TRADEMARK ACT OF 1946, AS AMENDED</u>

A Corp.
A Massachusetts Corporation
268 Rangeway Road
North Billerica, MA  01862

The mark shown in Registration No. 1,654,512, owned by the above-identified registrant, has been in continuous use in interstate commerce for five consecutive years from the date of registration, on or in connection with the goods identified in the registration, as evidenced by the attached specimen showing the mark as currently used.  There has been no final decision adverse to registrant's claim of ownership of such mark for such goods or to registrant's right to register the same or to keep the same on the register; and there is no proceeding involving said rights pending and not disposed of either in the Patent and Trademark Office or in the courts.

Registrant hereby appoints Charles E. Weinstein, Esq., Susan Barbieri Montgomery, Esq., Thomas M.S. Hemnes, Esq., Charles H. Cella, Esq., Laurie M. McTeague, Esq. and T. Maria Lam, Esq. of Foley, Hoag & Eliot LLP, One Post Office Square, Boston, Massachusetts  02109, (617) 832-1000, members of the bar of The Commonwealth of Massachusetts, its attorneys to handle all matters in connection with this Declaration.

**EXHIBIT    1**



Int. Cl.: 37

Prior U.S. Cl.: 103

**United States Patent and Trademark Office**

Reg. No. 1,654,512
Registered Aug. 20, 1991

## SERVICE MARK
### PRINCIPAL REGISTER



A CORP. (MASSACHUSETTS CORPORATION)
268 RANGEWAY ROAD
NORTH BILLERICA, MA 10862

FOR: CLEANING AND REPAIRING SEPTIC SYSTEMS AND CLEARING CLOGGED PIPES AND DRAINS, IN CLASS 37 (U.S. CL. 103).

FIRST USE 1-11-1981; IN COMMERCE 1-11-1981.

SER. NO. 74-080,639, FILED 7-23-1990.

MICHAEL LEVY, EXAMINING ATTORNEY



# The United States of America

No. 1655782

## CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, as amended, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

## PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for TEN years unless sooner terminated as provided by law.



In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this third day of September 1991.

*Harry F. Manbeck, Jr.*

# EXHIBIT    1



Int. Cl.: 37

Prior U.S. Cl.: 103

**Reg. No. 1,655,782**

## United States Patent and Trademark Office

Registered Sep. 3, 1991

<div align="center">

**SERVICE MARK**
**PRINCIPAL REGISTER**

</div>



A CORP. (MASSACHUSETTS CORPORATION)
263 RANGEWAY ROAD
NORTH BILLERICA, MA 01862

FOR: CLEANING AND REPAIRING SEPTIC SYSTEMS AND CLEARING CLOGGED PIPES AND DRAINS, IN CLASS 37 (U.S. CL. 103).

FIRST USE 1-11-1981; IN COMMERCE 6-12-1981.
THE LINING IS A FEATURE OF THE MARK AND DOES NOT INDICATE COLOR.

SER. NO. 74-103,556, FILED 10-5-1990.

MICHAEL LEVY, EXAMINING ATTORNEY

**EXHIBIT    2**



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

REGISTRATION NO.    1654512        SERIAL NO. 74/080639            PAPER NO.
                                                                  MAILING DATE:  05/12/97

MARK: A ROOTERMAN "TO THE RESCUE" (AND DESIGN)

REGISTRANT:  A Corp.

CORRESPONDENCE ADDRESS:
  Thomas M.S. Hemnes
  Foley, Hoag & Eliot
  One Post Office Square
  Boston, MA 02109-2170

Please furnish the following
in all correspondence:

1.  Your phone number and zip code.
2.  Mailing date of this action.
3.  Affidavit-Renewal Examiner's name.
4.  The address of all correspondence
    not containing fees should include
    the words "Box 5".
5.  Registration No.

RECEIPT IS ACKNOWLEDGED OF THE SUBMITTED REQUEST UNDER:

SECTION 8 OF THE TRADEMARK STATUTE AND 37 CFR SECS. 2.161-2.166.

SECTION 15 OF THE TRADEMARK STATUTE AND 37 CFR SECS. 2.167-2.168.

YOUR REQUEST FULFILLS THE STATUTORY REQUIREMENTS AND HAS BEEN ACCEPTED.

*Patricia A Everett*

PATRICIA ANN EVERETT
AFFIDAVIT-RENEWAL EXAMINER
TRADEMARK EXAMINING OPERATION
(703) 308-9500  EXT. 132



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
ASSISTANT COMMISSIONER FOR TRADEMARKS
2900 Crystal Drive
Arlington, VA  22202-3513

REGISTRATION NO.    1655782        SERIAL NO. 74/103556        PAPER NO.

MAILING DATE:  06/16/97

MARK: ROOTER-MAN (AND DESIGN)

REGISTRANT:  A Corp.

CORRESPONDENCE ADDRESS:
   Thomas M.S. Hemnes
   Foley, Hoag & Eliot
   One Post Office Square
   Boston, MA  02109-2170

Please furnish the following
in all correspondence:

1.  Your phone number and ZIP Code.
2.  Mailing date of this action.
3.  Affidavit-Renewal Examiner's name.
4.  Mark all correspondence to the
     attention of "PRU" using the above
     address.
5.  Registration No.

RECEIPT IS ACKNOWLEDGED OF THE SUBMITTED REQUEST UNDER:

SECTION 8 OF THE TRADEMARK STATUTE AND 37 CFR SECS. 2.161-2.166.

SECTION 15 OF THE TRADEMARK STATUTE AND 37 CFR SECS. 2.167-2.168.

YOUR REQUEST FULFILLS THE STATUTORY REQUIREMENTS AND HAS BEEN ACCEPTED.

*Patricia A Everett*

PATRICIA ANN EVERETT
AFFIDAVIT-RENEWAL EXAMINER
TRADEMARK EXAMINING OPERATION
(703) 308-9500  EXT. 132

**EXHIBIT    3**

Rooter Man, Kenner, LA                                          Page

| Welcome | Services | Products | About Us | Location | Contact Us | Ca |



"SINCE 1975"

**"WHEN YOUR DRAINS DON'T WORK - WE DO!"** ®

Welcome to A Best Sewer & Drain Service, Inc. -- Rooter Man Web Page. It has been created
customers and potential customers an insight into our services and general plumbing informat
will be helpful to you and help you understand how we fit into this picture.

Complete Plumbing Service & Repairs
Sewer & Drain Cleaning Specialists
Commercial/Residential

We can Cable It!
We can Jet It!
We can Video It!
We can Repair It!

- RESIDENTIAL / COMMERCIAL / INDUSTRIAL
- SERVICES & REPAIRS
- PROMPT, RADIO DISPATCHED SERVICE
- REASONABLE RATES
- NO EXTRA CHARGE FOR NIGHTS & WEEKENDS
- WE CAN WALK YOU THROUGH YOUR INSURANCE CLAIM
- QUALITY MATERIALS
- PROFESSIONALLY INSTALLED
- SENIOR CITIZEN DISCOUNT

State Certified Backflow Prevention Specialist

Choose from 6 different **locations**



   

▶ ❚❚ ■
play pause stop

Monday - Saturday: 7:00 am to 9:00 pm
Sunday: 9:00 am to 6:00 pm

Rooter Man
2545 Delaware Ave. • Kenner, LA 70062 • 504-522-9536

**Welcome**    **Services**    **Products**    **About Us**    **Location**    **Contact Us**    **Calendar**    **News**

Powered by RealPages.com<sup>SM</sup>
Copyright © 2004 Intelligent Media Ventures, LLC
All Rights Reserved.

**EXHIBIT    3**

Rooter Man, Kenner, LA <span style="float:right">Page 1 of 2</span>



Sewer & Drain Cleaning Specialists

®

*"SINCE 1975"*

**"WHEN YOUR DRAINS DON'T WORK - WE DO!"** *

WE CAN
CABLE IT!

WE CAN
VIDEO IT!

W
JE

W
REP

**Services**

- Sink / Washer / Yard & Pool Drains
- Fixtures / Faucets -- New & Existing
- Commodes
- Gas Installations; Leak Repairs / Gas Testing
- Water Heaters
- Sewer Tie-Ins
- Leaks In Slab
- Showers / Pan Replacement
- Water & Sewer Lines Cleaned, Repaired or Replaced
- Electric Sewer Service -- All Stoppages

**Electronic Leak Detection**
Our electronic pipe location and leak detection equipment is used to locate water, sewer, drain and g
electrical conduit and septic tanks. It doesn't matter where, underground, within concrete slabs, or ir
walls, we can find it. Often leaks and breaks can be pinpointed along with it's depth. This is accomplis
the use of transmitters, pipe energizers and microphones.

**In-Line Camera Inspection**
State of the art in-line camera inspection takes the guess work out of locating and correcting most se
drain problems. It allows us to view the interior of the piping to reveal damaged sections or fittings. A
recording of the inspection is available upon request.

**Cabling**
Cabling a drain to clear a stoppage may not be a complete solution. Often the cable merely pokes an
the drain leaving the solids that have built up over the years. The result is a recurring problem.

**High Pressure Hydro Jetting**
Hydro jetting scours the interior of the drain using up to 4000 PSI of water pressure and returns pipe
its original diameter. Our wide selection of drain cleaning equipment can handle any type of stoppage
plumbers can clear any type of drain ... sinks, bathtubs, showers, laundry, sewers, floor, and area dr

Rooter Man, Kenner, LA



Monday - Saturday: 7:00 am to 9:00 pm
Sunday: 9:00 am to 6:00 pm

Rooter Man
2545 Delaware Ave. • Kenner, LA 70062 • 504-522-9536

Welcome     Services     Products     About Us     Location     Contact Us     Calendar     N

Powered by RealPages.com[SM]
Copyright © 2004 Intelligent Media Ventures, LLC
All Rights Reserved.

**EXHIBIT    3**

Rooter Man, Kenner, LA                                          Page 1 of 2

| Welcome | Services | Products | About Us | Location | Contact Us | Calendar |



**ROOTER MAN** ®
Sewer & Drain
Cleaning Specialists

*"SINCE 1975"*

*"WHEN YOUR DRAINS DON'T WORK - WE DO!"*

WE CAN CABLE IT!

WE CAN VIDEO IT!

## Products

- SAFE, SIMPLE AND EFFECTIVE
- ENVIRONMENTALLY SAFE
- PROFESSIONAL STRENGTH
- COST EFFECTIVE



### RootX
RootX is a non-systemic, patented chemical root control formula. This means it only kills the roots wi
comes in contact, not the tree or plant itself. The active ingredient, Dichlobenil will not only kill roots,
also prevent their re-growth for up to one year. RootX is the environmentally safe, easy to use, root
the market today.

### Simply Awesome
Simply Awesome is a cost effective product that penetrates and emulsifies fats, oils, greases, soaps,
without the use of caustics. It is fast acting and water based. Regular use will keep drains clean and t
smoothly.

### Super Citrus
Super Citrus is a cost effective product that penetrates and emulsifies fats, oils, greases, soaps, hair,
without the use of caustics. It is fast acting and water based. Regular use will keep drains clean and t
smoothly.

### Super Bio-Power
Super Bio-Power is a biological drain maintainer specifically formulated to "eat" grease. The patented
digesting "bugs" are scientifically developed to clean and deodorize lines.



Monday - Saturday: 7:00 am to 9:00 pm
Sunday: 9:00 am to 6:00 pm

Rooter Man
2545 Delaware Ave. • Kenner, LA 70062 • 504-522-9536

**Welcome**    **Services**    **Products**    **About Us**    **Location**    **Contact Us**    **Calendar**    N

Powered by RealPages.com<sup>SM</sup>
Copyright © 2004 Intelligent Media Ventures, LLC
All Rights Reserved.

**EXHIBIT    3**

Rooter Man, Kenner, LA

Welcome     Services     Products     About Us     Location     Contact Us     Calendar



WE CAN
CABLE IT!

WE CAN
VIDEO IT!

"SINCE 1975"

"WHEN YOUR DRAINS DON'T WORK - WE DO!"

## About Us

Our mission is to provide a fast and reliable service. At A Best Sewer & Drain Service, Inc. -- Rooter strive to meet the needs and expectations of our customers. Our satisfied customers always return a them to know that we will be there when they need us.

## Company Profile

We are locally based and have lived in the area for over 30 years. A Best Sewer & Drain Service, Inc. Man is a Member of the Master Plumbers Association of New Orleans.

Louisiana State • Master Plumber • Lic # 1841
State Certified Back Flow Prevention Specialist



Monday - Saturday: 7:00 am to 9:00 pm
Sunday: 9:00 am to 6:00 pm

Rooter Man
2545 Delaware Ave. • Kenner, LA 70062 • 504-522-9536

Welcome     Services     Products     About Us     Location     Contact Us     Calendar

Powered by RealPages.com<sup>SM</sup>
Copyright © 2004 Intelligent Media Ventures, LLC
All Rights Reserved.

Rooter Man, Kenner, LA

**EXHIBIT 3**

**Rooter Man**

○ Home
○ Contact Us
○ Calendar
○ News

**sales@abestrooterman.com**

## Contact Us

Please fill out the form and submit. Someone will be in touch

**Name**

**Title**

**Address (City,State,Zip)**

**Phone**

**Fax**

Submit

Click here to see current results.

Powered by RealPages.com SM
Copyright © 2005 Intelligent Media Ventures, LLC
All Rights Reserved.

| Welcome | Services | Products | About Us | Location | Contact Us | Calendar |

**WE CAN CABLE IT!**

**WE CAN VIDEO IT!**

**WE J**

**W REP**

*Sewer & Drain Cleaning Specialists*

*"SINCE 1975"*

**"WHEN YOUR DRAINS DON'T WORK - WE DO!"** ®

**Location**

Servicing the Greater New Orleans and Surrounding areas

Our office hours are 7 am to 12 am Monday through Saturday and Sunday 9 am to 10 pm.

If you have an emergency call **504-466-8581**

| | |
|---|---|
| New Orleans East / Gentilly / Lakeview / Carrollton / 9th Ward | **504-522-9536** |
| Metairie / Kenner / LaPlace | **504-466-8581** |
| Algiers / Belle Chasse / & All of the Westbank | **504-368-4070** |
| LaPlace / Norco / Luling / Destrehan / St. Rose | **985-652-0084** |
| Mandeville | **985-626-5045** |
| Slidell | **985-641-3525** |

If your area does not appear above, please do not hesitate to contact us to inquire if we service your

**For More Information Contact:**
A Best Sewer & Drain Service, Inc.
Rooter Man

**Postal address:**
2545 Delaware Avenue, Kenner, Louisiana 70062

**E-Mail:**
webmaster: sales@abestrooterman.com

# EXHIBIT     3

Rooter Man, Kenner, LA



Monday - Saturday: 7:00 am to 9:00 pm
Sunday: 9:00 am to 6:00 pm

Rooter Man
2545 Delaware Ave. • Kenner, LA 70062 • 504-522-9536

Welcome    Services    Products    About Us    Location    Contact Us    Calendar    N

Powered by RealPages.com<sup>SM</sup>
Copyright © 2004 Intelligent Media Ventures, LLC
All Rights Reserved.

**Rooter Man**

○ Home
○ Contact Us
○ Calendar .
○ News

**sales@abestrooterman.com**

**Calendar**
   List of events

view

[ year ]  [ month ]  [ week ]  [ day ]                    [ << ]

January  [ 26 ] [ 2005 ]  [ view this date ]  [ view today ]

## January, 2005

| Sunday | Monday | Tuesday | Wednesday | Thursday | Friday | S |
|--------|--------|---------|-----------|----------|--------|---|
| 26 | 27 | 28 | 29 | 30 | 31 | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 | 1 | 2 | 3 | 4 | 5 |

[ search ]

# EXHIBIT 3

Case 1:05-cv-11655-NMG    Document 19-12    Filed 05/24/2006    Page 2 of 3

Powered by RealPages.com[SM]
Copyright © 2005 Intelligent Media Ventures, LLC
All Rights Reserved.

News

**Rooter Man**
○ Home
○ Contact Us
○ Calendar
○ News

**sales@abestrooterman.com**

**News Articles**
Enjoy our News Articles

**There are no Articles to display.**

**Search Articles**

Sign In

Powered by RealPages.com<sup>SM</sup>
Copyright © 2005 Intelligent Media Ventures, LLC
All Rights Reserved.

# EXHIBIT    4

Subj:    **RE: Phen in stock for VERONICA LAVENIA**
Date:    5/2/2006 6:43:36 A.M. Eastern Standard Time
From:    wehaveit@nophenshortage.com
To:       RONNIE@ROOTERMAN.COM

Dear VERONICA LAVENIA,

There is NO PHEN SHORTAGE!

We have Phen 37.5mg in stock today. Most other sites are telling you to wait 10-15 business days, but we will deliver it to you in five business days or less. Don't wait any longer for them to deliver.

Just go to www.nophenshortage.com and use the address below to begin:
Email Address: RONNIE@ROOTERMAN.COM

No order will be placed and your card will not be charged unless you complete the medical form at the link below.
www.nophenshortage.com

To discontinue updates, simply reply to this email.

Subj:      **Your order has been shipped**
Date:      3/14/2006 12:28:33 A.M. Eastern Standard Time
From:      donotreply@safetrustprocessing.com
To:        ronnie@rooterman.com


Dear VERONICA LAVENIA,


Please do not reply to this email.


Thank you for ordering with us. Your order for:


30 count, 37.5mg


has been shipped.

Please refer to tracking number: 791404490168 to track your shipment.
Your ship date is: Mon 03/13/06

To access your order information and check status click
http://customerservice.safetrustprocessing.com


Login name:      ronnie@rooterman.com
Password:        MATILDA

Order #:         20955137
Order date:      Thu 03/09/06 01:08:24 PM
Total:           130.00
Billing details:
VERONICA LAVENIA
2545 DELAWARE AVE
KENNER LA 70062

Shipping:
VERONICA LAVENIA
2545 DELAWARE AVE
KENNER LA 70062


Sincerely,


Customer Service

**EXHIBIT     4**

| | |
|---|---|
| Subj: | **Your order has been approved by the doctor** |
| Date: | 3/9/2006 12:16:57 P.M. Eastern Standard Time |
| From: | donotreply@safetrustprocessing.com |
| To: | ronnie@rooterman.com |

Dear VERONICA LAVENIA,

Please do not reply to this email.

Your order number 20955137 has been approved by the doctor.
Your prescription is being filled by the pharmacy.

You will be sent an e-mail as soon as the order is shipped.


To access your order information and check status click
http://customerservice.safetrustprocessing.com


Login name:     ronnie@rooterman.com
Password:        MATILDA

Order #:        20955137
Order date:        Thu 03/09/06 01:08:24 PM
Total:        130.00

Sincerely,


Customer Service

# Order Tracking

## ORDER STATUS

**Status:**        Active

**Information:**  Order approved by Robert Sawicki M.D.

## ORDER INFORMATION

**Order Number:**  20955137

**Order Date:**      Thu 03/09/06 01:08:24 PM

**Total:**              **$130.00**

## BILLING INFORMATION

VERONICA LAVENIA

2545 DELAWARE AVE

KENNER LA 70062

ronnie@rooterman.com

5044668581

## SHIPPING INFORMATION

VERONICA LAVENIA

2545 DELAWARE AVE

KENNER LA 70062

ronnie@rooterman.com

5044668581

| Product | Count | Dosage |
|---|---|---|
| 1. Adipex | 30 | 37.5mg |

## ORDER HISTORY

**Thu 03/09/06 01:38:26 PM**   Doctor:Order approved by Robert Sawicki M.D.

**Thu 03/09/06 01:08:24 PM**   Order Received. Waiting for the doctor to review

IF YOU HAVE QUESTIONS REGARDING YOUR ORDER, PLEASE ENTER IT BELOW.

**EXHIBIT    4**

Customer Service

| Submit | View All Orders | Logoff |

| | |
|---|---|
| Subj: | **Service Needed** |
| Date: | 10/3/2005 12:55:47 P.M. Eastern Standard Time |
| From: | debbieteach@bellsouth.net |
| To: | rooterman1@aol.com |

Good Morning,

I live in one of the effected areas of Hurricane Katrina and had several trees fall, one which is located by the pipes going into my house. I would like to have someone come to my house and give me an estimate of repairs if any are needed. I assume this would be done by video?

Please have someone contact me or my husband at the following numbers.
The house is located in Metairie LA between Power Blvd & Transcontinental - Kawanee & W. Esplanade. We are not currently living in the house so someone would have to meet you there.

| Dan Teachworth | Debbie Teachworth |
|---|---|
| (504) 915-8244 Cell | (504) 722-9925 Cell |
| (504) 466-3474 Work | (337) 363-3747 Home |

Thanks!

# EXHIBIT     4

Subj:     **(no subject)**
Date:     7/1/2005 12:03:23 P.M. Eastern Standard Time
From:     Dclinc138
To:       ROOTERMAN1

Donald:

I was search the internet for our site and came across this site.  Is this one of ours?

Rooter Man, Kenner, LA


Darrell Charlesworth
Rooterman

Subj:       **website found for rooter man**
Date:       6/21/2005 4:44:21 P.M. Eastern Standard Time
From:       <u>Still MAL</u>
To:         <u>ROOTERMAN1</u>

Donald:

Is this one of your franchises?  I am confused!

<u>Rooter Man, Kenner, LA</u>

Tracey DeMatteo

**EXHIBIT    4**

Subj:    **locations**
Date:    6/17/2005 2:09:50 P.M. Eastern Standard Time
From:    Nannie_Margaret@msn.com
To:      rooterman1@aol.com

A few minutes ago I caught the tail end of a commercial showing rooter man inspecting underground residential drains. This is possibly what I need but I can't find anything local on your company.

I am located in Arabi, Louisiana just east of New Orleans, Louisiana. My zip code is 70032. Please advise if you have any with my area.

Margaret B. (LA)

504-304-3437
Caller ID    3/07/05
? Rooterman    11:23
Harring & New Orleans
Louisiana Collins 
                    Herron
See Trucks All
over. told Him
our Closest dealer
is Biloxi Miss'ssp,
& That the Rooter man
He see's is not ours!

Compliments of
**COLE** Publishing
800-257-7222 • 715-546-3346
www.pumpershow.com
www.cleaner.com    www.pumper.com
www.onsiteinstaller.com    www.promonthly.com

See you next year
in Nashville.
Feb. 15-16-17-18, 2006

# EXHIBIT 4

**Chris**

**From:** ROOTER-MAN OF WASHINGTON [RootermanofWa@comcast.net]
**Sent:** Thursday, February 24, 2005 9:37 PM
**To:** Donald

Are these rooter-man franchise owner??
http://abestrooterman.com

http://rooter-man.9601257040005.worldpages-ads.com/

http://www.rootermanplumbing.com/422612.html

http://www.arooterman.net/

**EXHIBIT    5**

Subj:    **Your franchise office for Metairie, Louisiana has a problem...**
Date:    2/3/2003 4:42:18 PM Eastern Standard Time
From:    Jpittman@stei.com
To:      rooterman1@aol.com
*Sent from the Internet (Details)*

Your franchise office for Metairie, Louisiana has a problem. The most specific appointment block I could set was a 2 hour window. I waited at the house for almost 6 hours (counting from the beginning of the appointment time-slot) for someone to show up. No one called me to say that they were running late. The guy who showed up did not offer either an explanation or an apology. I was recommended to your company by a friend from another city. I hope that not all of your franchise offices are operated so poorly, but I am letting everyone I know in the area know the truth about your office here. Maybe you don't care that they are sending your company name down the drains they fail to show up to clean, but unsatisfied customers like myself do care.

James Pittman

| Subj: | **Your franchise office for Metairie, Louisiana has a problem...** |
|---|---|
| Date: | 2/3/2003 4:42:18 PM Eastern Standard Time |
| From: | Jpittman@stei.com |
| To: | rooterman1@aol.com |
| *Sent from the Internet (Details)* | |

Your franchise office for Metairie, Louisiana has a problem. The most
specific appointment block I could set was a 2 hour window. I waited at the
house for almost 6 hours (counting from the beginning of the appointment
time-slot) for someone to show up. No one called me to say that they were
running late. The guy who showed up did not offer either an explanation or
an apology. I was recommended to your company by a friend from another
city. I hope that not all of your franchise offices are operated so poorly,
but I am letting everyone I know in the area know the truth about your
office here. Maybe you don't care that they are sending your company name
down the drains they fail to show up to clean, but unsatisfied customers
like myself do care.

James Pittman

**EXHIBIT    5**

Subj:   **A very disapointing experience**
Date:   04/27/2000 3:10:11 AM Eastern Daylight Time
From:   jonroger@bellsouth.net (me)
To: rooterman1@aol.com

My name is John Routson, I live at 508 natchez New Orleans, La, jonroger@hotmail.com, 5045256144. I called the local rooterman for New Orleans last November, my bathtub was totally plugged. A man came out and used an air pump on it and it started to drain, two days later it was totally plugged again taking about 4-6 hours to drain, I should have called them back, I didn't. I called yesterday 4/25 and told them about what had happened and that it hadn't even been close to being unplugged and that originally he didn't do a thourough job at all.

Without a second  of delay she told me that it was just to bad. I told her that I was the 9only one who used the shower and that I am practically hairless. She got very rude insinuating that I was lying, I asked her very politly if their was anything that could be done, absolutely not was her reply. I told her that i had called them because we always call them at my job, Irene's Cuisine, and if that is the attitude that she is going to have I will mention to my boss. This womqan had the nerve to call my boss and tell them that I had threatened to tell them that they had done a lousy job. I was shocked at this managers nerve to try to do damage to me by calling my boss and telling her God knows what. I find this inexcusable behavior, and I am in the process of filing a complaisnt with the better business bureau and a local group 6 on your side, who by the way will do something about this person and the attitude of Rooterman. I feel I have been had, embarased, debased and completely insulted by this smart mouth cow who calls herself a manager. I will also tell everyone I know about your company and I hope this New Orleans office goes out of business because of managers like this I would say that is a given.

All of this because of $57.00, what a cheap act, and my drain is still plugged. John Routson

_____

```
<!DOCTYPE HTML PUBLIC "-//W3C//DTD HTML 4.0 Transitional//EN">
<HEAD>
<META content="text/html; charset=iso-8859-1" http-equiv=Content-Type>
<META content="MSHTML 5.00.2919.6307" name=GENERATOR>
<STYLE></STYLE>
</HEAD>

<DIV>My name is John Routson, I live at 508 natchez New  Orleans,
La. jonroger@hotmail.com, 5045256144.
I called the local rooterman for New  Orleans last November, my bathtub was
totally plugged. A man came out and used an air pump on it and it started to
drain, two days later it was totally plugged again taking about 4-6 hours to
drain, I should have called them back, I didn't. I called yesterday 4/25 and
told them about what had happened and that it hadn't even been close to being
unplugged and that originally he didn't do a thourough job at all.</DIV>
<DIV>Without a second  of delay she told me that it was just
to bad. I told her that I was the 9only one who used the shower and that I am
practically hairless. She got very rude insinuating that I was lying, I asked
her very politly if their was anything that could be done, absolutely not was
her reply. I told her that i had called them because we always call them at my
job, Irene's Cuisine, and if that is the attitude that she is going to have I
will mention to my boss. This womqan had the nerve to call my boss and tell them
that I had threatened to tell them that they had done a lousy job. I was shocked
at this managers nerve to try to do damage to me by calling my boss and telling
her God knows what. I find this inexcusable behavior, and I am in the process of
filing a complaisnt with the better business bureau and a local group 6 on your
side, who by the way will do something about this person and the attitude of
Rooterman. I feel I have been had, embarased, debased and completely insulted by
this smart mouth cow who calls herself a manager. I will also tell everyone I
know about your company and I hope this New Orleans office goes out of business
because of managers like this I would say that is a given.</DIV>
<DIV>All of this because of $57.00, what a cheap act, and my drain
is still plugged. John Routson</DIV>
```

Dear John:

I was informed of your disapointing experience with Rooter-Man of New Orleans. As you can see by our web site and locations presently operating, he is not connected in any way with our organization.

We are also very disapointed to hear of your experience since we are operating under the same name, and any complaints certainly affect us. I hope you will be able to find some justice with your local authorities. We agree that it is a very cheap act and it disturbs us greatly. I wish we could be of more assistance but thank you for sharing this disapointing experience with us.

Thank you

Donald MacDonald

# EXHIBIT    5

| | |
|---|---|
| Subj: | **Re: Discouteous Driver** |
| Date: | 4/16/2006 10:40:22 A.M. Eastern Standard Time |
| From: | ROOTERMAN1 |
| To: | jecno@bellsouth.net |

Hello,Thank you for bringing this to our attention however this company is not associated with us as you have reached Mass. We do not have any companies in La. Look in your local yellow pages to get their contact information.
Donald

-----Original Message-----
From: Tom Singelmann <jecno@bellsouth.net>
To: rooterman1@aol.com
Sent: Sun, 16 Apr 2006 08:08:09 -0500
Subject: Discouteous Driver

Just wanted to tell some one that one of your drivers was a danger to all
others on the road. The date was Saturday, April 15th at about 7:30 AM in
Metairie, LA.  The location was heading East on West Metairie Avenue. This
driver was going over 45 miles, weaving from lane to lane to avoid waiting
for another vehicle and essentially posing a danger to other drivers. FYI,
the number on the RooterMan truck was #1036.

# EXHIBIT    6

*Kevin R. McCarthy*

*Attorney at Law*

*155 Fairoaks Lane*

*Cohasset, Massachusetts 02025*

*Telephone*
*781-383-0639*

*Email*
*kemccar68@attbi.com*

*Fax*
*781-735-0228*

March 14, 2002

Mr. Michael D. Carbo
700 Whitney Bank Building
228 St. Charles Avenue
New Orleans, Louisiana 70130

**Re: Rooter-Man Trademark**

Dear Mr. Carbo:

We are in receipt of your February 22, 2002 letter in representation of Best Sewer & Drain. In your client's original letter of February 7, 2002 he indicated that his date of registration was April 4, 1990 but provided no documented verification. In response, we provided you with specific, detailed and easily provable Federal and State registration and other use information dating back to at least January 11, 1981 ( see US Registration No. 1,654,512). You now indicate that your client's first use in Louisiana is "June of 1977". You have also provided an ad that does not properly, sufficiently or clearly support use of the Rooter-Man trademark at your new earlier date.

I do note in your enclosed ad that your client is illegally and improperly using the Federal Registration indicator of - ® - with the Rooter-Man name. We now ask that you advise your client that this illegal and fraudulent use and indication of Federal Registration when you now clearly have knowledge of our Federal Registration is a serious violation of Federal Trademark Law and exposes your client to our damages, attorney fees and other penalties. Additionally, the very fact that your client would publish an indication of Federal Registration which he does not possess is alone a disturbing fact to say the least.

If you have any specific and verifiable proof of your client's use of the Rooter-Man trademark at your now earlier date then we ask that you immediately send us this detailed information. We again ask that you immediately give us written assurances that your client will hereafter permanently refrain from any use, advertisement, promotion, sale, and distribution of the ROOTER-MAN mark or anything substantially similar to it. The trouble and expense of litigation are hard to justify but we will be forced to take legal action if you do not honor the requests we have made above, which A CORP. is required to do to protect its trademark/service mark.

Sincerely,

*Kevin R. McCarthy*

_____
Kevin R. McCarthy

cc: Mr. Donald MacDonald

*Kevin R. McCarthy*
*Attorney at Law*
*155 Fairoaks Lane*
*Cohasset, Massachusetts 02025*

*Telephone*
*781-383-0639*

*Email*
*Kmccon68@mediaone.net*

*Fax*
*781-735-0228*

**CERTIFIED MAIL**

February 12, 2002

Mr. Jerald L Album
Reich, Meeks & Treadway, L.L.C.
Two Lakeway Center, Suite 1000
3850 N. Causeway Boulevard
Metaire, Louisiana  70002

Re:   **ROOTER-MAN Trade Mark Infringement:**

Dear Mr. Album:

This firm acts as trademark counsel to A CORP of 268 Rangeway Road  P.O. Box 290, North Billerica, MA  01862.  Recently, by virtue of your February 7, 2002 letter and through other sources it has come to my client's attention that your client, A Best Sewer and Drain Service, Inc. d/b/a as Rooter man is using the ROOTER-MAN mark in connection with plumbing and sewer services.   A CORP. is the owner of the trademark/service mark, ROOTER-MAN, which is properly protected by Federal Trademark Law and properly registered with and approved by the United States Patent and Trademark Office since August 20, 1991 - **Reg. No. 1,654,512.**   In fact, A Corp's valuable Rooter-Man trademark has been granted Incontestable status by the USPTO.  Additionally, the ROOTER-MAN trademark Domain Name has been properly registered and used on the Internet since at least August 1, 1997.  The Internet is available and used in commerce in Louisiana as well as all other States.  Furthermore, the ROOTER-MAN service mark has been properly registered in the State of  Louisiana which clearly documents use in the State of Louisiana since at least February 22, 1982 – copy enclosed.  Finally, my client and his authorized franchise associates have used the Rooter-Man trademark in business endeavors and commerce in Louisiana since at least 1987 and 1988 at International trade shows held at the Superdome in New Orleans, Louisiana.

We must and do hereby demand that your client immediately Cease and Desist the use of ROOTER-MAN in any manner whatsoever, directly or indirectly, including but not limited to use with any products or services, creditors, prospective customers, telephone Yellow Pages, the Internet or any other advertising as well as at Industry trade shows.   **Furthermore, we also demand that you provide an accounting of the net revenue your client has achieved while improperly and illegally utilizing A CORP'S federally registered ROOTER-MAN trademark.**

# EXHIBIT    6

Please note that any use of A CORP's trademark/service mark constitutes infringement in violation of Title 17 of the United States Code. Such infringing use makes your client liable for all the penalties that the Trademark Laws provide - **particularly now that you and they have certified notice and thus full knowledge of the infringement.** More specifically, your client has illegally used the Rooter-Man trademark at the International Expo held at Nashville, Tennessee last year and, in fact, has registered for this years show under the Rooter-Man trade name. Please advise your client that any use of the Rooter-Man trademark at this years International Expo to be held at Nashville, Tennessee between 2/27/02 – 3/2/02 would now intentionally and willfully create damaging confusion with A Corp's trade show presentations. A Corp will hold your client fully liable for all damages which would result if your client attempts to utilize the valuable Rooter-Man trademark during this International Expo either on business cards, pamphlets, T-Shirts, jackets or in any manor whatsoever.

I am sure that you can understand the crucial importance of this matter to our client. We must ask that, no later than February 25, 2002, you give us written assurances that A Best Sewer and Drain Service, Inc. d/b/a as Rooter Man has discontinued and will hereafter permanently refrain from any use, advertisement, promotion, sale, and distribution of the ROOTER-MAN mark or anything substantially similar to it. The trouble and expense of litigation are hard to justify where there has been no willful infringement, and we have no reason at present to believe that your actions fall in that category. But we will be forced to take legal action if you do not honor the requests we have made above, which A CORP. is required to do to protect its valuable trademark/service mark.

We look forward to hearing from you shortly.

Yours sincerely,

Kevin R. McCarthy

cc: Mr. Donald MacDonald, President, A CORP
    Mr. Guy LaVenia Sr.

**EXHIBIT    7**



**LEGAL DEPARTMENT**
_____

Jenny J. Liu
_Attorney & Counsellor at Law_
Tel: (978) 667-1144 x 22
Fax: (978) 663-0061

Via Fax
(504) 586-1611

Date:  January 21, 2005

Michael D. Carbo
700 Whitney Bank Building
228 St. Charles Avenue
New Orleans, LA  70130

RE:   **ROOTER-MAN Trademark Infringement**

Dear Attorney Carbo:

I refer to our conversation this afternoon.  As you agreed, the deadline to serve answers to Plaintiff's Petition and discovery requests will be extended to February 28, 2005.  We hereby agree to provide good faith response to the Petition and discovery requests by such date.  Please advise your client that our client is willing to resolve the dispute without litigation.

Thank you for your attention to the matter and please do not hesitate to contact me if you have any other question.

Very truly yours,

Jenny J. Liu

Cc:    Donald MacDonald, President, A Corp

hp officejet 4200 series 4255          Personal Printer/Fax/Copier/Scanner

Log for
Rooter Man
978-663-0061
1/21/2005 4:30PM

Last Transaction

| Date | Time | Type | Identification | Duration | Pages | Result |
|------|------|------|----------------|----------|-------|--------|
| 01/21 | 04:29p | Fax Sent | 15045861611 | 0:52 | 2 | OK |



**MAIN ACCOUNTING OFFICE
PO BOX 290, N. BILLERICA, MA 01862
TEL: (978) 667-1144   FAX: (978) 663-0061**

**WEB SITE: WWW.ACORPSYSTEMS.COM**

# FACSIMILE LEAD SHEET

DATE: _/ / 21 / 05_

TO: _Michael Carbo_          FAX #: ( 504 ) _586 - 1611_

ATTN: _____          FROM: _A Corp dba Rooter Ma_

We are transmitting a total of _____ pages(s), including this cover sheet. *If you do not receive a
pages, please contact us at one of the above numbers. Thank you!*

## MESSAGE:

The document included herewith may include information that is confidential and privileged.
This information is intended for the use of the addressee named herein. If you are not the
addressee, please be aware that nay disclosure, photocopying, distribution or use of the
contents of this faxed information is prohibited. If you received this fax in error, please
notify the sender by collect telephone immediately so that we may arrange for the retrieval
for the original documents at no cost to you.

# EXHIBIT   8

# UNITED STATES DISTRICT COURT

FOR THE                    District of                    MASSACHUSETTS

A CORP D/B/A ROOTER MAN

**SUMMONS IN A CIVIL ACTION**

V.

A BEST SEWER & DRAIN SERVICE INC., AND
GUY JOSEPH LAVENIA SR.

CASE NUMBER:    05 CA 11655 NMG

TO: (Name and address of Defendant)

Guy Joseph Lavenia, Sr. (agent for service process)
A Best Sewer & Drain Service Inc.
2545 Delaware Ave.
Kenner, LA 70062

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Juan (Jenny) Liu, Esq., and
William H. McCarter, Jr., Esq.
P.O. Box 290
N. Billerica, MA 01862

an answer to the complaint which is served on you with this summons, within _____20_____ days after ser
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed wit
Clerk of this Court within a reasonable period of time after service.

SARAH A. THORNTON

NOV 10 2005

CLERK                                                    DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE 12/5/05 |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER (PRINT) DAVID DAY | TITLE PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served: 2231 ROOSEVELT BLVD. KENNER, LA

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on    12/5/05
                    Date

_____
Signature of Server

P O BOX 30149

_____
Address of Server

NOLA

# EXHIBIT    8

AO 440  (Rev. 8/01)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

FOR THE _____     District of _____     MASSACHUSETTS

A CORP D/B/A ROOTER MAN

## SUMMONS IN A CIVIL ACTION

V.

A BEST SEWER & DRAIN SERVICE INC., AND
GUY JOSEPH LAVENIA SR.

CASE NUMBER:   05 CA 11655 NMG

TO: (Name and address of Defendant)

Guy Joseph Lavenia, Sr.
2231 Roosevelt Blvd.
Kenner, LA 70062

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Juan (Jenny) Liu, Esq., and
William H. McCarter, Jr., Esq.
P.O. Box 290
N. Billerica, MA 01862

an answer to the complaint which is served on you with this summons, within _____20_____ days after serv
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against
for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with
Clerk of this Court within a reasonable period of time after service.

SARAH A. THORNTON

NOV 1 0 2005

CLERK                                        DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE 12/5/05 |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* DAVID DAY | TITLE PROCESS SERVER |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served: 2231 ROOSEVELT BLVD
KENNER, LA

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ___12/5/05___    _____
            Date                    *Signature of Server*

PO BOX 30149
_____
*Address of Server*    NOLA

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**EXHIBIT    9**

# Jenny J. Liu's Law Office
### *Attorney & Counsellor at Law*

17 Judith Rd
Chelmsford, MA 01824

P.O. Box 290
Billerica, MA 01862

Tele: (978) 667-1144
Fax: (978) 663-0061
Email: liujnny@msn.com

Date:   February 16, 2006

Michael D. Carbo
A Professional Law Corporation
700 Whitney Bank Building
228 St. Charles Avenue
New Orleans, Louisiana 70130

    **RE:**  **A Corp v. A Best Sewer & Drain Service, et al.**
         **Civil No. 05-cv-1165-NMG**

Dear Mr. Carbo:

    I refer to our conversation on or about January 9, 2006.  During said conversation, you indicated that you represented the Defendants in the above-mentioned matter and requested an extension to file the Answer to the Complaint.  I told you that we were agreeable to the extension to the end of January 2006 as you requested.

    After the agreed deadline passed, I tried, on multiple occasions, to contact you by calling the phone number that you gave me.  You never answered the phone.  To date, there is no Answer filed with the Court and there is no docket record as to the legal representation for the defendants in the above-mentioned case.

    Accordingly, kindly notify us as to your intention on your end.  If we do not receive your response by the end of this month, we will be compelled to move for a default judgment.  Thank you for your attention to this matter and please do not hesitate to contact me if you have any questions.

                    Very truly yours,

                    Jenny Liu

Cc:    William McCarter, Esq.
       A Best Sewer & Drain Service, Inc.
       Guy Joseph Lavenia, Sr.

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

KENNER, LA 70062

| | | UNIT ID: 0862 |
|---|---|---|
| Postage | $ 0.39 | |
| Certified Fee | | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | Clerk: KSMYX2 |
| Total Postage & Fees | $ 4.64 | 02/17/06 |

Sent To  Guy Lavenia, Sr. / A Best Sewer & Drain Serv Inc
Street, Apt. No.; or PO Box No.  2545 Delaware Ave.
City, State, ZIP+4  Kenner, LA 70062

PS Form 3800, June 2002                    See Reverse for Instructions

7004 0750 0003 0645 4548

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Guy Joseph Lavenia, Sr.

A Best Sewer & Drain Services Inc

2545 Delaware Ave

Kenner, LA 70062

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Glyer Lalen_      ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
A. Laven. A            2/22/06

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer    7004 0750 0003 0645 4548

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540





# EXHIBIT    10

MSN Hotmail - Message                                                    Page 1 of 2



MSN Home | My MSN | Hotmail | Shopping | Money | People & Chat      Sign Out    Web Search:      Go

liujnny@msn.com   👤 Messenger: **Online** ▾

🖃 **Reply** | 🖃 **Reply All** | 🖃 **Forward** | ✖ **Delete** | ✉ **Junk** | 🗙 **This is not Junk** | 🗀 **Put in Folder** ▾ | 🖨 **Print View** | 🖃 Sa

▲ | ▼ | 🗀 Junk E-Mail | 🖾 Inbox

> **NOTE:** Hotmail has disabled some of the content of this message for your protection (more information). Enable all message content (once) | Never disable content from this sender

| From : | <ECFnotice@mad.uscourts.gov> |
|---|---|
| Sent : | Wednesday, March 29, 2006 10:27 AM |
| To : | CourtCopy@mad.uscourts.gov |
| Subject : | Activity in Case 1:05-cv-11655-NMG A Corp. d/b/a Rooter Man v. A Best Sewer & Drain Service, Inc. et al "Order on Motion for Entry of Default" |

> 🔍  We've identified this mail as junk. Please tell us if we were right or wrong by clicking Junk or Not Junk
>
>            Junk Mail       Not Junk Mail

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

**United States District Court**

**District of Massachusetts**

Notice of Electronic Filing

The following transaction was received from Sonnenberg, Elizabeth entered on 3/29/2006 at 10:27 AM EST and filed on 3/28/2006

**Case Name:**        A Corp. d/b/a Rooter Man v. A Best Sewer & Drain Service, Inc. et al
**Case Number:**      1:05-cv-11655
**Filer:**
**Document Number:**

**Docket Text:**
Judge Nathaniel M. Gorton : Electronic ORDER entered granting [8] Motion for Entry of Default (Sonnenberg, Elizabeth)

The following document(s) are associated with this transaction:

**1:05-cv-11655 Notice will be electronically mailed to:**

Juan Liu     liujnny@msn.com

**1:05-cv-11655 Notice will not be electronically mailed to:**

William H. McCarter , Jr
Law Offices of Leon Aronson
440 Commercial Street
Boston, MA 02109

🖃 | 🖃 | 🖂                                              ▲ | ▼ | 🗀 Junk E-Mail | 🖾 Inbox

**Get the latest updates from MSN**

**MSN Home** | **My MSN** | **Hotmail** | **Shopping** | **Money** | **People & Chat**          Sign Out     Web Search:     Go

msn  Hotmail                    Today | Mail | Calendar | Contacts

liujnny@msn.com     Messenger: **Online** ▾

Reply | Reply All | Forward | ✕ Delete | Junk | This is not Junk | Put in Folder ▾ | Print View | Sa          ▲ | ▾ | Junk E-Mail | Inbox

**NOTE:** Hotmail has disabled some of the content of this message for your protection (more information). Enable all message content (once) | Never disable content from this sender

From :   <ECFnotice@mad.uscourts.gov>

Sent :   Tuesday, March 28, 2006 4:33 PM

To :     CourtCopy@mad.uscourts.gov

Subject : Activity in Case 1:05-cv-11655-NMG A Corp. d/b/a Rooter Man v. A Best Sewer & Drain Service, Inc. et al "Notice: Clerk's Entry of Default"

We've identified this mail as junk. Please tell us if we were right or wrong by clicking Junk or Not Junk

Junk Mail          Not Junk Mail

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

**United States District Court**

**District of Massachusetts**

Notice of Electronic Filing

The following transaction was received from Sonnenberg, Elizabeth entered on 3/28/2006 at 4:32 PM EST and filed on 3/28/2006

**Case Name:**      A Corp. d/b/a Rooter Man v. A Best Sewer & Drain Service, Inc. et al
**Case Number:**    1:05-cv-11655
**Filer:**          A Best Sewer & Drain Service, Inc.
**Document Number:** 11

**Docket Text:**
NOTICE: Clerk's ENTRY OF DEFAULT as to A Best Sewer & Drain Service, Inc. (Sonnenberg, Elizabeth)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**yes
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1029851931 [Date=3/28/2006] [FileNumber=1367666-0
] [61ddb87fe811c9f48207b0881f9d2fa518f09527a47ccbac9d41c904efd1362c50f
1adaf42e417c4d5dfd38a27145b22d12f76bf9cb78b4b23e017bd91cab943]]

**1:05-cv-11655 Notice will be electronically mailed to:**

Juan Liu     liujnny@msn.com

**1:05-cv-11655 Notice will not be electronically mailed to:**

William H. McCarter , Jr

# EXHIBIT    11

Rooter Man, Kenner, LA

| Welcome | Services | Products | About Us | Location | Contact Us | Calendar |



**"WHEN YOUR DRAINS DON'T WORK - WE DO!"** ®

WE CAN CABLE IT!

WE CAN VIDEO IT!

Welcome to A Best Sewer & Drain Service, Inc. -- Rooter Man Web Page. It has been created to give customers and potential customers an insight into our services and general plumbing information. Ho will be helpful to you and help you understand how we fit into this picture.

Complete Plumbing Service & Repairs
Sewer & Drain Cleaning Specialists
Commercial/Residential

We can Cable It!
We can Jet It!
We can Video It!
We can Repair It!

- RESIDENTIAL / COMMERCIAL / INDUSTRIAL
- SERVICES & REPAIRS
- PROMPT, RADIO DISPATCHED SERVICE
- REASONABLE RATES
- NO EXTRA CHARGE FOR NIGHTS & WEEKENDS
- WE CAN WALK YOU THROUGH YOUR INSURANCE CLAIM
- QUALITY MATERIALS
- PROFESSIONALLY INSTALLED
- SENIOR CITIZEN DISCOUNT

State Certified Backflow Prevention Specialist

Choose from 6 different locations



   

▶ ❚❚ ■
play pause stop

Monday - Saturday: 7:00 am to 9:00 pm
Sunday: 9:00 am to 6:00 pm

Rooter Man
2545 Delaware Ave. • Kenner, LA 70062 • 504-522-9536

Welcome    Services    Products    About Us    Location    Contact Us    Calendar    News

Website Design and Internet Advertising Powered By Intelligent Media Ventures, LLC
Copyright © 2006 Intelligent Media Ventures, LLC All Rights Reserved..

# EXHIBIT     11

Rooter Man, Kenner, LA                                                    Page 1 of



WE CAN CABLE IT!

WE CAN VIDEO IT!

WE CAN JET IT!

WE CAN REPAIR IT!

"SINCE 1975"

"WHEN YOUR DRAINS DON'T WORK - WE DO!"®

Welcome to A Best Sewer & Drain Service, Inc. -- Rooter Man Web Page. It has been created to give our customers and potential customers an insight into our services and general plumbing information. Hopefully it will be helpful to you and help you understand how we fit into this picture.

Complete Plumbing Service & Repairs
Sewer & Drain Cleaning Specialists
Commercial/Residential

We can Cable It!
We can Jet It!
We can Video It!
We can Repair It!

- RESIDENTIAL / COMMERCIAL / INDUSTRIAL
- SERVICES & REPAIRS
- PROMPT, RADIO DISPATCHED SERVICE
- REASONABLE RATES
- NO EXTRA CHARGE FOR NIGHTS & WEEKENDS
- WE CAN WALK YOU THROUGH YOUR INSURANCE CLAIM
- QUALITY MATERIALS
- PROFESSIONALLY INSTALLED
- SENIOR CITIZEN DISCOUNT

State Certified Backflow Prevention Specialist

Choose from 6 different locations

1/7/06





   

Rooter Man, Kenner, LA

▶ ❚❚ ■
play pause stop

Monday - Saturday: 7:00 am to 9:00 pm
Sunday: 9:00 am to 6:00 pm

Rooter Man
2545 Delaware Ave. • Kenner, LA 70062 • 504-522-9536

Welcome    Services    Products    About Us    Location    Contact Us    Calendar    News

Website Design and Internet Advertising Powered By Intelligent Media Ventures, LLC
Copyright © 2006 Intelligent Media Ventures, LLC All Rights Reserved..

# EXHIBIT    11



**EXHIBIT    12**

# A Corp

## *FINANCIAL STATEMENTS*

**December 31, 2005 and 2004**

**A CORP**
**TABLE OF CONTENTS**
**DECEMBER 31, 2005**

**INDEX**

INDEPENDENT AUDITORS' REPORT                                   2

FINANCIAL STATEMENTS

Balance Sheets                                                 3

Statements of Income and Retained Earnings                    4

Statements of Cash Flows                                       5

Notes to Financial Statements                               6 - 8

**EXHIBIT     12**

# CAIN, BOURRET, JARRY & VAILLANCOURT P.C.
## Certified Public Accountants

Stephen A. Cain, CPA
Steven R. Bourret, CPA
David A. Jarry, CPA, MST

1595 Lakeview Avenue
Dracut, Massachusetts 01826
Voice 978.957.1421
Fax 978.957.3480

### INDEPENDENT AUDITORS' REPORT

To The Board of Directors
A CORP
North Billerica, Massachusetts

We have audited the accompanying balance sheets of A CORP as of December 31, 2005 and 2004, and the related statements of income and retained earnings, and cash flows for the years then ended. These financial statements are the responsibility of the Company's management. Our responsibility is to express an opinion on these financial statements based on our audits.

We conducted our audits in accordance with auditing standards generally accepted in the United States of America. Those standards require that we plan and perform the audit to obtain reasonable assurance about whether the financial statements are free of material misstatement. An audit includes examining, on a test basis, evidence supporting the amounts and disclosures in the financial statements. An audit also includes assessing the accounting principles used and significant estimates made by management, as well as evaluating the overall financial statement presentation. We believe that our audit provides a reasonable basis for our opinion.

In our opinion, the financial statements referred to above present fairly, in all material respects, the financial position of A CORP as of December 31, 2005 and 2004, and the results of its operations and its cash flows for the years then ended in conformity with accounting principles generally accepted in the United States of America.

*Cain, Bourret, Jarry + Vaillancourt Pc*

January 19, 2006, Except
for Note 6 which is dated
April 3, 2006

# A CORP
## BALANCE SHEET
### DECEMBER 31, 2005 AND 2004

## ASSETS

|  | 2005 | 2004 |
|---|---|---|
| **CURRENT ASSETS** | | |
| Cash | $   47,915 | $ 125,877 |
| Accounts receivable, net of allowance of $8,000 in 2005 and $4,400 in 2004 | 45,500 | 86,261 |
| Notes receivable, current portion | 6,895 | 2,450 |
| Prepaid expenses | 3,830 | 3,830 |
| **Total Current Assets** | 104,140 | 218,418 |
| **PROPERTY AND EQUIPMENT** | | |
| Equipment | 2,699 | 2,699 |
| Office equipment | 9,336 | 4,191 |
| Vehicles | 34,184 | 54,129 |
| Leasehold improvements | 908 | 908 |
| | 47,127 | 61,927 |
| Less: accumulated depreciation | (10,677) | (20,563) |
| **Net Property and Equipment** | 36,450 | 41,364 |
| **OTHER ASSETS** | | |
| Notes receivable, net of current portion | 10,169 | 9,171 |
| **TOTAL ASSETS** | $   150,759 | $ 268,953 |

## LIABILITIES AND STOCKHOLDER'S EQUITY

|  | 2005 | 2004 |
|---|---|---|
| **CURRENT LIABILITIES** | | |
| Accounts payable | $     1,189 | $   15,083 |
| Accrued expenses | 6,500 | 114,500 |
| Income taxes currently payable | - | 7,642 |
| Deferred income taxes | - | 5,235 |
| **Total Current Liabilities** | 7,689 | 142,460 |
| **Total Liabilities** | 7,689 | 142,460 |
| **STOCKHOLDER'S EQUITY** | | |
| Common Stock, 15,000 shares authorized; 100 issued and outstanding | 100 | 100 |
| Retained earnings | 142,970 | 126,393 |
| **Total Stockholder's Equity** | 143,070 | 126,493 |
| **TOTAL LIABILITIES AND STOCKHOLDER'S EQUITY** | $   150,759 | $ 268,953 |

See independent auditors' report and notes to financial statements.

# EXHIBIT    12

# A CORP
## STATEMENT OF OPERATIONS AND RETAINED EARNINGS
### FOR THE YEARS ENDED DECEMBER 31, 2005 AND 2004

|  | 2005 | % | 2004 | % |
|---|---|---|---|---|
| **SALES AND REVENUE** |  |  |  |  |
| Franchise fee purchases | $ 168,000 | 53.19 | $ 291,974 | 73.92 |
| Franchise fee income and renewals | 124,513 | 39.42 | 83,875 | 21.24 |
| Marketing fund income | 23,359 | 7.40 | 19,132 | 4.84 |
| **Total Sales and Revenue** | 315,872 | 100.00 | 394,981 | 100.00 |
|  |  |  |  |  |
| **OPERATING EXPENSES** |  |  |  |  |
| Advertising and franchise marketing costs | 41,266 | 13.06 | 27,011 | 6.84 |
| Automobile and travel expenses | 18,820 | 5.96 | 10,590 | 2.68 |
| Bad debt expense | 15,811 | 5.01 | 18,982 | 4.81 |
| Commissions | 19,396 | 6.14 | 24,785 | 6.27 |
| Computer and internet services | 27,324 | 8.65 | - | - |
| Depreciation | 10,059 | 3.18 | 787 | 0.20 |
| Dues and Subscriptions | 1,762 | 0.56 | 1,599 | 0.40 |
| Education and seminars | 1,412 | 0.45 | - | - |
| Licenses and fees | 5,733 | 1.81 | 4,277 | 1.08 |
| Office supplies and expenses | 40,276 | 12.75 | 16,881 | 4.27 |
| Postage | 9,266 | 2.93 | 11,107 | 2.81 |
| Professional fees | 53,305 | 16.88 | 45,715 | 11.57 |
| Rent | 24,301 | 7.69 | 12,328 | 3.12 |
| Repairs & Maintenance | 1,055 | 0.33 | 729 | 0.18 |
| Sales Taxes | 973 | 0.31 | 1,593 | 0.40 |
| Subcontractors | 24,600 | 7.79 | 142,060 | 35.97 |
| State excise tax | - | - | 6,682 | 1.69 |
| Trade shows | 12,153 | 3.85 | 11,369 | 2.88 |
| **Total Operating Expenses** | 307,511 | 97.35 | 336,495 | 85.19 |
| **INCOME FROM OPERATIONS** | 8,361 | 2.65 | 58,486 | 14.81 |
|  |  |  |  |  |
| **OTHER INCOME (EXPENSES)** |  |  |  |  |
| Interest income | 1,816 | 0.58 | 841 | 0.21 |
| Other income | 656 | 0.21 | - | - |
| Gain on sale of vehicle | 100 | 0.03 | - | - |
| Foreign exchange loss | (1,231) | (0.39) | (1,322) | (0.33) |
| Officer's life insurance | (2,607) | (0.83) | (2,607) | (0.66) |
| **Total Other Income ( Expenses)** | (1,266) | (0.40) | (3,088) | (0.78) |
| **INCOME BEFORE PROVISION FOR INCOME TAXES** | 7,095 | 3.05 | 55,398 | 14.03 |
| **PROVISION FOR INCOME TAXES** |  |  |  |  |
| Currently payable (refundable) | (9,482) | (3.00) | 5,084 | 1.29 |
| Deferred | - | - | 5,235 | 1.33 |
| **Total Provision for Income Taxes** | (9,482) | (3.00) | 10,319 | 2.61 |
| **NET INCOME** | 16,577 | 6.05 | 45,079 | 11.41 |
| **RETAINED EARNINGS , BEGINNING OF YEAR** | 126,393 | - | 81,314 | - |
| **RETAINED EARNINGS, END OF YEAR** | $ 142,970 | - | $ 126,393 | - |

See independent auditors' report and notes to financial statements

# A CORP
## STATEMENT OF CASH FLOWS
### FOR THE YEAR ENDED DECEMBER 31, 2005 AND 2004

|  | 2005 | 2004 |
|---|---|---|
| **CASH FLOW FROM OPERATING ACTIVITIES** |  |  |
| Cash received from customers | $ 357,189 | $ 344,286 |
| Cash paid to suppliers and employees | (426,514) | (241,858) |
| Income tax paid | (33) | (5,036) |
| Interest and dividends received | 1,884 | 890 |
| NET CASH PROVIDED (USED) BY OPERATING ACTIVITIES | (67,474) | 98,282 |
| **CASH FLOW FROM INVESTING ACTIVITIES** |  |  |
| Cash payments for the purchase of property | (5,145) | (38,179) |
| Cash proceeds from sale of vehicle | 100 | - |
| Payments on loans | - | (10,250) |
| Repayments on notes receivable | (5,443) | 2,581 |
| NET CASH PROVIDED (USED) BY INVESTING ACTIVITIES | (10,488) | (45,848) |
| Net increase (decrease) in cash and equivalents | (77,962) | 52,434 |
| CASH, BEGINNING OF YEAR | 125,877 | 73,443 |
| CASH, END OF YEAR | $ 47,915 | $ 125,877 |
| **RECONCILIATION OF NET INCOME TO NET CASH PROVIDED BY OPERATING ACTIVITIES** |  |  |
| NET INCOME | $ 16,577 | $ 45,079 |
| Adjustments to reconcile net income to net cash provided by operating activities |  |  |
| Depreciation and amortization | 10,059 | 787 |
| Allowance for bad debts | 3,600 | 4,400 |
| (Gain) Loss on sale of vehicle | (100) | - |
| (Increase) decrease in accounts receivable | 37,161 | (49,323) |
| (Increase) decrease in prepaid expenses | - | (265) |
| Increase (decrease) in accounts payable | (13,894) | 11,672 |
| Increase (decrease) in accrued expenses | (108,000) | 70,000 |
| Increase (decrease) in amount due to affiliate | - | 4,367 |
| Increase (decrease) in income taxes payable | (7,642) | 7,216 |
| Increase (decrease) in deferred income taxes | (5,235) | 5,235 |
| Increase (decrease in prepaid franchise fees | - | (886) |
| Total adjustments | (84,051) | 53,203 |
| Net cash provided (used) by operating activities | $ (67,474) | $ 98,282 |

See independent auditors' report and notes to financial statements
Page 5

**EXHIBIT    12**

# A CORP
## NOTES TO FINANCIAL STATEMENTS
### DECEMBER 31, 2005

**NOTE 1.    ORGANIZATION**

The Company was incorporated on January 1, 1984 under the laws of the Commonweath of the State of Massachusetts.  The Company is engaged in the business of franchising the Rooter-Man name, which specializes in the installation of plumbing, sewers and drains, and maintenance and repair services.  The Rooter-Man franchises were originally sold by Rooter-Man, Inc. and in 1990 the company assigned its outstanding franchise agreements and all future rights to sell the Rooter-Man franichise to A Corp.

The Company is registered in the following states which require registration: California, Florida, Hawaii, Illinois, Indiana, Kentucky, Maryland, Michigan, Minnesota, Maine, New York, North Dakota, Nebrask, Oregon, Rhode Island, Utah, Virginia, Washington and Wisconsin.

**NOTE 2.    SUMMARY OF SIGNIFICANT ACCOUNTING POLICIES**

**Use of Estimates**

The preparation of financial statements in conformity with generally accepted accounting principles requires management to make estimates and assumptions that affect certain reported amounts and disclosures. Accordingly, actual results could differ from these estimates.

**Revenues and Expenses**

The Company's financial statements are prepared using the accrual method of accounting.  In accordance with this method of accounting, revenue is recognized in the period in which it is earned and expenses are recognized in the period in which they are incurred.  All revenue and expenses which are applicable to future periods have been presented as deferred or prepaid in the accompanying balance sheets.

**Advertising Costs**

Advertising and marketing costs are included in operating expenses, and it is the Company's policy to expense these costs as incurred.

**Cash and Equivalents**

For the purposes of the statements of cash flows, cash and equivalents includes cash on hand and cash on deposit with original maturities of three months or less.

**Accounts Receivable**

The Company grants credit to its franchisees throughout the United States, including Alaska and Hawaii.  The risk of loss on the accounts receivable is the balance owed at the time of default.   Uncollectible accounts are charged to operations in the year that management determines that the receivable has no value.   The Company considers balances past due after 90-days.  The Company does not require collateral for these receivables.

A CORP
NOTES TO FINANCIAL STATEMENTS (CONTINUED)
DECEMBER 31, 2005

**NOTE 2.    SUMMARY OF SIGNIFICANT ACCOUNTING POLICIES (Continued)**

**Income Taxes**

The Company, with the consent of its shareholder, elected to be an "S" corporation under the Internal Revenue Code effective January 1, 2005.   As a result, income and losses of the Company are passed through to its shareholder for federal and state income tax purposes. Instead of paying corporate income taxes, the shareholder of an "S" corporation is taxed individually on their proportionate share of the Company's taxable income.  Accordingly, no provision or liability for federal or state income taxes has been included in these financial statements.

**Property and Equipment**

Property and equipment have been recorded at cost. Depreciation is computed using the declining balance and straight-line methods over the estimated useful life of the asset. Major classifications of property and equipment and their estimated useful lives are as follows:

|  | Estimated Life |
| --- | --- |
| Motor vehicles and equipment | 5 years |
| Leasehold improvements | 39 years |

Depreciation expense for the years ended December 31, 2005 and 2004 was $10,059 and $787, respectively. Expenses for maintenance and repairs that do not materially extend the useful lives of the assets, are charged against income as incurred.

**NOTE 3.    NOTES RECEIVABLE**

The Company will periodically finance the initial purchase price of a franchised territory, and occassionally, if a franichisee has fallen behind in their monthly fee payments will convert the trade receivable to a note.  The notes typically range from 1 to 5 years, payments are required either weekly or monthly and carry interest at the rate of 12% per annum.  The fair value of the notes receivable would approximate the balance due the company.

At December 31, 2005 and 2004 the notes receivable balances were as follows:

|  |  |  |
| --- | --- | --- |
| Notes from Franchisees | $ 17,680 | $ 11,621 |
| Less current portion | ( 7,511) | ( 9,171) |
| Long-Term Notes | $ 10,169 | $ 2,450 |

**Note 4.    RELATED PARTY TRANSACTIONS**

The Company's sole shareholder owner controls four other non-related companies.  No transactions between the companies occurred during 2005 and 2004, but the shareholder is able to influence the Company's operations for the benefit of the other companies under his control.

An affiliated company, Sewer-Man, Inc., owns and operates a franchise territory for Rooter-Man. The Company occasionally reimburses another affiliated company, Rooter-Man, Corp for expenses related to A Corp's operations.  At December 31, 2005 and 2004 there were no amounts payable to the affiliated entities Rooter-Man, Inc. or Sewer-Man, Inc.

See independent auditors' report.

# EXHIBIT    12

**A CORP**
**NOTES TO FINANCIAL STATEMENTS (CONTINUED)**
**DECEMBER 31, 2005**

Note 4.    RELATED PARTY TRANSACTIONS (Continued)

The Company reimburses Sewer-Man for its use of the telephone system and answering service provided.  The Company also pays Sewerman for maintaining its website and various othe internet related services.  For the year ended December 31, 2005 the Company reimbursed Sewerman $10,498 for telephone services and paid $26,751 for internet and web related costs.

The Company also leases its office space from the sole shareholder and President of the Company as a tenant at will.  The annual lease cost is $24,000.  The lease can be cancelled by either party with verbal or written notice.  For the years ended December 31, 2005 and 2004 the Company paid the related party $24,000 and $12,000, respectively.

NOTE 5.    FRANCHISE FEES

Initial franchise fees, which may be up to $5,000 per territory, are generally recognized when substantially all services or conditions relating to the franchise sale have been performed or satisfied by the Company.  Services provided by the Company include assistance in site selection, personnel training, and implementation of an accounting and quality control system.

When initial fees are collected over an extended period of time it is the company's policy to recognize the sale when made.   Interest charged on these installment notes is recorded in revenue for the period received.

The Company sold 36 new franchise territories during 2005 and initial franchise fees amounted to $168,000.   The Company has 96 operating franchisees as of December 31, 2005.

There are three components to the franchise fees:

a.  The Initial Purchase - The franchisee must make an initial payment that is based on the population of the territory.   At its discretion the Company may finance 50 to 100% of the initial purchase by providing a sixty month note, at 12% , to assist in the purchase.

b.  Continuing Fees - The franchisee is required to pay an ongoing fee in monthly installments. A portion of the fees is designated for the marketing campaign.

c.  Renewal Fees - Every five years the franchisee has the option to extend the agreement by making a contract renewal payment.

NOTE 6.    RECLASSIFICATIONS

Certain reclassifications were made to the 2004 financial statements in order to conform to the 2005 financial statement presentation.   The financial statements were reissued on April 3, 2006 due to misclassifications in the comparative numbers presented for 2004.  The revenue figures for franchise fee purchases and franchise fee income were inadvertently reversed in the original presentation.  Also, $11,369 in trade show expenses were included in advertising expenses in the 2004 presentation.