UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHSUETTS

| | |
|---|---|
| A CORP. d/b/a ROOTER MAN,        )<br>    Plaintiff,        )<br>        )<br>v.        )<br>        )    CIVIL ACTION NO.<br>A BEST SEWER & DRAIN SERVICE, INC., and    )    05-11655 NMG<br>GUY JOSEPH LAVENIA SR.,        )<br>    Defendants.        )<br>        ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR DEFAULT JUDGMENT AND CROSS-MOTIONS TO VACATE ENTRY OF DEFAULT AND TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Best Sewer & Drain Service, Inc. (referred to in the Complaint as "A Best Sewer & Drain Service, Inc. ("Best Sewer") and Guy Joseph LaVenia, Sr. ("Mr. LaVenia") submit this memorandum in support of their Opposition to Motion for Default Judgment and Cross-Motions to Vacate Entry of Default and to Dismiss for Lack of Personal Jurisdiction. The default judgment should not enter, the default should be removed and the plaintiff's complaint should be dismissed. There is no personal jurisdiction over the defendants in Massachusetts. In addition, the failure of the defendants earlier to appear to assert their defense of lack of personal jurisdiction was a consequence of the impact of Hurricane Katrina and other personal struggles of their Louisiana counsel, who repeatedly assured the defendants that he was handling this matter for them.

**STATEMENT OF THE FACTS**

Best Sewer is a family-owned commercial plumbing and sewer repair company located in Kenner, Louisiana. Mr. LaVenia and his wife are the owners of Best Sewer. *Affidavit of Guy LaVenia Sr., ("G. LaVenia Aff."). ¶ 1; Affidavit of Veronica LaVenia (" V. LaVenia Aff."), ¶¶ 1.*

Mr. LaVenia's daughter, Veronica LaVenia is the manager of the company and runs its day to day operations. *V. LaVenia Aff., ¶ 1.*

Best Sewer services customers located in the New Orleans area only. Its website and advertisements specifically target customers in the New Orleans area. It has no contacts with Massachusetts whatsoever. It does no work in Massachusetts. It is not a franchisor and there are no businesses in Massachusetts that are in any way affiliated with Best Sewer. It has no contracts with any Massachusetts person or entity in Massachusetts and it has no other business dealings in Massachusetts. *Id., ¶¶ 1, 3.*

Mr. LaVenia resides in Kenner, Louisiana. He too has absolutely no contacts with Massachusetts. He has never been to Massachusetts, and he has never conducted or solicited business there by mail, over the phone, or by any other means. *G. LaVenia Aff., ¶ 3.*

The plaintiff's Complaint in this case is part of an ongoing dispute between it and Best Sewer about the trade name "Rooter Man." Best Sewer registered the trade name "Rooter Man" in Louisiana in 1990. It has been using the name "Rooter Man" since 1977. In 2004, Best Sewer brought an action against A Corp. in Louisiana state court for declaratory judgment and an injunction against A Corp.'s use of the Rooter Man trademark (the "Louisiana litigation"). *Affidavit of Michael D. Carbo ("Carbo Aff."), ¶ 2.* Best Sewer is represented in the Louisiana litigation by New Orleans attorney Michael D. Carbo ("Mr. Carbo"). *Id., ¶ 3.*

The plaintiff's Complaint in this action was first filed on August 8, 2005. Later in August, Hurricane Katrina devastated the New Orleans area. Service was not made until December 5, 2005. *See Returns of Service, (Dkt Nos. 4,5; V. LaVenia Aff., ¶ 6.* Best Sewer promptly delivered the Summons and Complaint to Mr. Carbo, who assured the defendants that he would handle the matter for

them and that he would respond to the Complaint. *V. LaVenia Aff., ¶ 6*  Mr. Carbo arranged with plaintiff's counsel to extend the time for defendants to respond to the Complaint to the end of January 2006. *Carbo Aff., ¶ 5.*

Mr. Carbo's office, located in New Orleans, had been destroyed by the hurricane and he was forced to evacuate to Memphis, Tennessee. *Id., ¶ 4.*  When he received the Summons and Complaint from Best Sewer, he was back in New Orleans only temporarily.  He still had no office but was attempting to do some work from his home – even though it too had also been damaged by Katrina. *Id., ¶ 5.*

Mr. Carbo failed to respond to the Complaint by the January 31, 2006 deadline.  He was overwhelmed with the effort of attempting to restart his law practice, dealing with the damage to his home, and to the general chaos which continued to affect New Orleans.  As a result, he neglected to calendar the deadline and it went by. *Carbo Aff., ¶ 6.*

When Veronica LaVenia attempted to reach Mr. Carbo on a number of occasions after service of the Complaint in December 2005, he did not answer his phone or respond to her messages.  In February 2006, she obtained his email address from the Louisiana Bar Association and sent him an email.  Mr. Carbo called Ms. LaVenia on February 24, 2006 and told her that the case was "on track" and that he had not "heard from anyone" about it. *Id., ¶¶ 7, 8.*

In late March, the defendants received a copy of the Court's entry of default.  Ms. LaVenia was able to reach Mr. Carbo via his cell and they made arrangements for him to pick up a copy of the default and its accompanying documents.  In a follow-up call with him that day, Mr. Carbo told her that he would review these new documents and respond appropriately.  He again assured her that he was on the case. *Id., ¶¶ 9, 10.*

The defendants did not hear back from Mr. Carbo for a long time after this late March, 2006 conversation. They considered changing attorneys at this juncture, but it was a very chaotic time for businesses throughout Louisiana due to the destruction of the hurricane. Telephone and electricity coverage in the New Orleans area was often sporadic at best, making finding another attorney extremely difficult. Many listed attorneys were not returning calls or had moved out of the area. Thus, they felt compelled to remain with Mr. Carbo, especially since he had continually assured them he was on top of the case. *Id., ¶ 11.*

Nonetheless, Ms. LaVenia continued to call Mr. Carbo on a weekly to monthly basis from April until October. She left multiple messages for him on his home and cell phone numbers, spoke and left messages with his wife, and even left messages with his mother-in-law who was living with him at the time. However, she was not able to reach him until October, 2006. *Id., ¶ 12.*

Unbeknownst to the defendants, Mr. Carbo continued to be overwhelmed by professional and personal hurdles. He still had no office and was attempting to work from home, with many of his files in disarray. In addition to issues related to the hurricane, he was trying to help his wife care for her terminally ill mother, who was living with them. She passed away on August 23, 2006. *Carbo Aff., ¶ 7.* During this time received messages that clients, including Best Sewer, were trying to get in touch with him. He intended to respond to the Complaint, as he had assured Ms. LaVenia of this, but failed to do so because his life was in such disarray. *Id., ¶ 8.*

On October 6, 2006, the defendants received a copy of the plaintiff's motion for default judgment. Ms LaVenia immediately left a message on Mr. Carbo's cell and home phone numbers stating that that they had received another package from a Massachusetts court and that they did not know how to proceed. *LaVenia Aff., ¶ 13.* On October 12, Ms. LaVenia managed to finally reach

4

Mr. Carbo via his cell phone. After she told him about the motion for default judgment she had recently received, Mr. Carbo stated that he "dropped the ball" and had neglected to file an answer to the complaint, or respond to the entry of default. *Id., ¶ 14.*

**ARGUMENT**

**I.    THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURIDSICTION.**

The plaintiff has the burden of proving that personal jurisdiction exists over the defendants. *U.S.S. Yachts, Inc. v. Ocean Yachts, Inc.,* 894 F.2d 9, 11 (1st Cir. 1990). To do this, the plaintiff "must go beyond the pleadings and make affirmative proof," *Chlebda v. H.E. Fortna & Brothers, Inc.,* 609 F.2d 1022, 1024 (1st Cir. 1979), and show "through affidavits and other competent evidence…that there is competent evidence to support each of the relevant jurisdictional prerequisites." *Canning v. Gunstock Area Comm'n,* 695 F.Supp. 602, 604 (D.Mass. 1988).

The plaintiff must establish facts showing that the exercise of personal jurisdiction comports with the Due Process Clause of the Fifth Amendment. The Due Process Clause mandates that two conditions must be met before personal jurisdiction is established. *U.S.S. Yachts,* 894 F.2d at 11. First, the plaintiff must establish that each defendant has "certain minimum contacts" with the jurisdiction. *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). *See generally American Express International, Inc. v. Mendez-Capellan,* 889 F.2d 1175, 1179-80 (1st Cir. 1989). Second, the plaintiff must show that the assertion of jurisdiction is consistent with "traditional notions of fair play and substantial justice." *International Shoe,* 326 U.S. at 316 (citation omitted). *See also, Asahi Metal Industry Co v. Superior Court,* 480 U.S. 102, 113 (1987), *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476 (1985).

These two conditions cannot be met in this case. The defendants do not have the requisite minimum contacts with Massachusetts. In fact, they have no contacts with Massachusetts at all.[1] To hail these defendants to court in a jurisdiction in which they have absolutely no contacts is not consistent with the traditional notions of fair play and substantial justice.[2]

## II. THERE IS GOOD CAUSE TO VACATE THE DEFAULT AND TO DENY PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT.

Fed.R.Civ.P. 55(c) provides that for good cause shown the Court may set aside an entry of default. It should do so in this case because there are compelling mitigating circumstances behind the defendants' failure to answer the plaintiff's Complaint. They had the misfortune of being caught in a situation – Hurricane Katrina and its effect on their lawyer – over which they had no control. While each case necessarily turns on its own circumstances, the First Circuit has identified certain factors which are often considered in determining whether good cause has been shown. These seven factors are: "(1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; 6) the amount of money involved; (7) the timing of the motion

---

[1] In its jurisdictional allegations, plaintiff makes only the conclusory assertion that defendants have contacts with Massachusetts, without any supporting example or description of such contacts. *Complaint, ¶ 5*. Elsewhere in the Complaint, and for other reasons, the plaintiff makes reference to Best Sewer's website. That website is entirely "passive." It is merely a description of the local services offered by the company (including plumbing repair supplies that can be purchased by customers at the time and place of repair). There is no order form or "shopping cart." Accordingly, it is not a contact with Massachusetts for jurisdictional purposes. *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997) (passive websites provide insufficient grounds for the exercise of personal jurisdiction).

[2] In addition, this action should be dismissed because there is a prior pending action in Louisiana in which Best Sewer seeks to enjoin A Corp. from "Rooter Man" name. Plaintiffs claim in this case could have and should have been brought as a counterclaim in that case. *See Aquatherm Industries, Inc. v. Fla. Power & Light Co.*, 84 F.3d 1388, 1394 (11th Cir.1996) (the jurisdiction of Federal District Courts over claims under the Lanham Act is not exclusive); *Scientific Technology, Inc. v. Stanford Telecommunications, Inc.* 9 U.S.P.Q.2d 1566, 1567 (N.D.Cal.1988) (same). If both actions proceed, there is a risk that there will be inconsistent judgments – one issuing from this Court and one from the Louisiana state court – since a determination of the parties rights to use the name will have to be made in both actions. Further, venue is not proper in the District of Massachusetts since Mr. LaVenia is not a resident of Massachusetts, and Best Sewer would be considered a resident of Massachusetts only if there were personal jurisdiction over it in Massachusetts and the events giving rise to the claim did not occur in Massachusetts. *See* 28 U.S.C. § 1391(b) and (c).

[to set aside entry of default]." *KPS & Assocs., Inc. v. Designs by FMC, Inc.,* 318 F.3d 1, 12 (1st Cir. 2003) (quoting *McKinnon v. Kwong Wah Rest.,* 83 F.3d 498, 503 (1st Cir. 1996).

The defendants were not at fault for failing to answer the plaintiff's Complaint, nor was their failure to do so willful. Best Sewer has long contested the plaintiff's claim to have exclusive rights to the Rooter Man trade name. Indeed, they filed the Louisiana Litigation specifically to establish their own right to use that name in Louisiana. *LaVenia Aff., ¶ 15; Carbo Aff., ¶ 10.* They did not earlier appear to assert their personal jurisdiction defense and to otherwise defend against plaintiff's claim was because of circumstances beyond their control. Their attorney assured them he was handling the matter for them, but he failed to do so because of the massive disruptions to his life and practice caused by Hurricane Katrina and the terminal illness of his mother-in law. Bearing in mind both that "actions should ordinarily be resolved on their merits" and that the Court should "resolve doubts in favor of a party seeking relief from the entry of default," *Coon v. Grenier,* 867 F.2d 73, 76 (1st Cir. 1989), Mr. Carbo's mistakes and misfortunes should not be imputed to his clients, who have actively sought to contest this issue from the beginning.

The plaintiffs will not be prejudiced by removal of the default since the only consequence will be some delay. A delay alone does not constitute prejudice, absent some further disadvantage such as the death of a witness or unavailability of evidence. *Id.,* 867 F.2d at 77. If there is merit to the plaintiff's claims, they will be able to prove those claims and will be entitled to recover their damages, including any which may have been incurred during the period which has passed since the Complaint was served.

In contrast, the defendants will be severely prejudiced if the default is not removed since they have a meritorious defense to the plaintiff's Complaint. The rights conferred by federal trademark

registration are not absolute. A federal registration does not impair common law trademark rights of others acquired through actual use prior to the federal registration. *E.g., Volkswagenwerk Aktiengesellschaft v. Wheeler*, 814 F.2d 812, 819 (1st Cir. 1987) ("rights to a mark do not arise out of registration, but accrue from prior use. . . . The exclusive right to use a particular mark belongs to the one who first uses it in connection with a particular line of business") (internal citations omitted); *Allard Enterprises, Inc. v. Advanced Programming Resources, Inc.,* 249 F.3d 564, 572 (6th Cir. 2001) ("Federal registration of a trademark or service mark cannot create rights and priority over others who have previously used the mark in commerce"); 15 U.S.C. § 1065 (incontestability of federally registered mark exists "except to the extent, if any, to which the use of a mark . . . infringes a valid right acquired under the law of any State or Territory by use of a mark or trade name continuing from a date prior to the date of registration under this chapter").

Best Sewer has done business in Louisiana under the name "Rooter Man" since 1977, five years before plaintiff was even in business and well before plaintiff's 1991 federal registration. *Complaint, ¶ 8.* It also successfully registered the "Rooter Man" trade name in Louisiana on April 4, 1990. Its use of the name "Rooter Man" prior to plaintiff's federal registration is a valid defense. Best Sewer will be severely prejudiced if it is not permitted to assert this defense, especially since plaintiffs are seeking at least $2 million in damages from a local family-owned business and are seeking to enjoin Best Sewer from using the name in which it has almost thirty-years of goodwill with its customers.

**CONCLUSION**

For the above stated reasons, defendants request that the Court deny plaintiff A Corp's motion for default judgment, vacate the default, and dismiss the plaintiff's Complaint for lack of personal jurisdiction.

> Respectfully submitted,
>
> BEST SEWER & DRAIN, INC.
> and GUY LAVENIA SR.,
>
> By their attorneys,
>
> */s/Barbara Gruenthal*
> Barbara Gruenthal (BBO# 544029)
> Howard H. Wang (BBO# 662891)
> COOKE, CLANCY & GRUENTHAL, LLP
> 265 Franklin Street
> Boston, MA 02110
> (617) 428-6800

Dated: October 18, 2006

CERTIFICATE OF SERVICE

I, Barbara Gruenthal, hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on October 18, 2006.

/s/ *Barbara Gruenthal*
Barbara Gruenthal