UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHSUETTS

_____
A CORP. d/b/a ROOTER MAN,              )
    Plaintiff,                              )
                                       )
v.                                     )
                                       )   CIVIL ACTION NO.
A BEST SEWER & DRAIN SERVICE, INC., and )  05-11655 NMG
GUY JOSEPH LAVENIA SR.,                )
    Defendants.                          )
_____)

**AFFIDAVIT OF MICHAEL D. CARBO**

1. My name is Michael D. Carbo. I am an attorney licensed to practice and continuously practicing law in Louisiana since 1982.

2. I have represented Best Sewer & Drain Service, Inc. (which sometimes does business under the name "A-Best Sewer & Drain Service") in various intellectual property matters since 1996.

3. I represent Best Sewer & Drain Service, Inc. ("Best Sewer & Drain") in an action it brought against A Corp. in Louisiana state court in 2004. In that action, Best Sewer & Drain seeks a declaratory judgment and an injunction against A Corp.'s use of the ROOTER MAN service mark and trade name in Louisiana because such use would interfere with Best Sewer & Drain's prior user rights in Louisiana. Since 1977, Best Sewer & Drain has been continuously using the service mark "ROOTER MAN" for its plumbing and sewer and drain cleaning services. Best Sewer registered that service mark in Louisiana in 1996, affirming its date of first use in June of 1977. Previously, in 1990, Best Sewer & Drain had registered in Louisiana the trade name "Rooter Man" with the tag line "When Your Drains Don't Work - We Do!", affirming a date of first use in 1983.

4. As a result of Hurricane Katrina, I was forced to evacuate with my family to Memphis, Tennessee, where I resided until late December 2005. Although I temporarily returned to New Orleans in late September and early October of 2005 to try to stabilize my house and the homes of my relatives, my office space was nonfunctional (no water pressure and no telephone service or Internet access) and nonoperational. My office building still had no electricity or phone access. Denise Bostick, an attorney who first worked for me in 1991 and was the attorney working with me before Hurricane Katrina, lost her home to floodwaters and moved with her family to Baton Rouge, Louisiana, where she still resides.

5. In December 2005, I was asked by Best Sewer & Drain Service, Inc. to represent it and its principal Guy LaVenia in the above-captioned matter. At my request, counsel for A Corp. verbally agreed that A Best Sewer and Mr. LaVenia could have until January 31, 2006 to respond to the Complaint. When I requested the extension of time, I did not have an office but was attempting to work from my home, which had also been damaged by the hurricane.

6. I did not respond to the Complaint by the deadline. I was overwhelmed with the effort of attempting to restart my law practice and to deal with the damage to my home and with the general chaos that has continued to affect the New Orleans area. I neglected to calendar the agreed upon date for responding to the Complaint and it went by.

7. In the ensuing months, I continued to be overwhelmed by professional and personal hurdles. I still had no functioning office and was trying to work from home with my files in disarray. In addition to issues related to the hurricane, I was helping my wife care for her terminally ill mother, who was living with us in our home. She passed away on August 23, 2006.

8. During this time, I received messages that clients, including Best Sewer & Drain Service, Inc., were trying to get in touch with me. My life was in such disarray that I cannot recall which clients I responded to or what matters I was able to address.

9. I had fully intended to respond to the Complaint and assured Ms. LaVenia of Best Sewer & Drain Service, Inc. that I would handle the matter for them. I failed to do so for the reasons stated above.

10. I believe that Best Sewer & Drain Service, Inc. and Guy LaVenia have meritorious defenses to A Corp's claims. Best Sewer & Drain Service, Inc. has long sought to assert its rights to its Rooter Man trademark and trade name and has actively shown interest in the case.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 18th DAY OF OCTOBER, 2006.

*/s/ Michael D. Carbo*
Michael D. Carbo