United States District Court
District of Massachusetts

```
_____
                               )
A. CORP., d/b/a ROOTER MAN,    )
        Plaintiff,             )
                               )
        v.                     )   Civil Action No.
                               )   05-cv-11655-NMG
A. BEST SEWER & DRAIN SERVICE, )
INC. and                       )
GUY JOSEPH LAVENIA, Sr.,       )
        Defendants.            )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Due to their failure to file responsive pleadings, the defendants were defaulted in this case after which the plaintiff filed an application for default judgment. The defendants opposed that application and filed their own motion to vacate entry of default and to dismiss for lack of personal jurisdiction. On March 6, 2007, the Court denied the application for default judgment and allowed the motion to vacate entry of default, promising a memorandum and order to follow. This is to fulfill that promise and to address the defendants' motion to dismiss for lack of jurisdiction.

I.   **Factual Background**

This case involves a trademark dispute between two companies in the plumbing, sewer and drain cleaning industry. The plaintiff, A. Corp., has been operating franchises under the

-1-

trade name "Rooter Man" since 1982.  In 1990, the plaintiff obtained a federal registration for the trademarks "Rooter Man" and "A Rooter Man", which were specifically registered for cleaning and repairing septic systems and clearing clogged pipes and drains.  The plaintiff contends that, since that time, it has actively policed the unauthorized use of its marks.

In February, 2001, the plaintiff discovered that the defendant, Guy Joseph Lavenia, Sr. ("Lavenia"), was promoting his business, A. Best Sewer & Drain Service, Inc. ("A. Best Sewer"), using the name "Rooter Man".  Although the defendants do business exclusively in Louisiana, the plaintiff contends that it lost several prospective franchisees as a result of the defendants' misappropriation of its mark at a national trade show.  Furthermore, the defendants subsequently launched a website with the domain name "abestrooterman.com", on which they promote their services under the name "Rooter Man".  The plaintiff asserts that the website advertisement, which can be accessed anywhere in the world via the internet, dilutes its trademark and has caused confusion in the marketplace.  The defendants respond that they have been operating under the name "Rooter Man" in Louisiana since 1977, five years before the plaintiff began using the mark.

### A. Procedural History

The plaintiff filed a complaint with this Court on August 10, 2005, alleging one count of federal trademark infringement and several related counts of unfair competition, unjust enrichment and fraud. The defendants were served on or about December 5, 2005, but failed to file any responsive pleadings within 20 days in violation of Fed. R. Civ. P. 12(a). In January, 2006, Attorney Michael D. Carbo, who was then representing the defendants, contacted the plaintiff's counsel and asked for an extension of time but, after that initial conversation, had no further correspondence with counsel. Plaintiffs filed a motion for entry of default which was allowed on March 28, 2006.

On May 24, 2006, the plaintiff filed an application for default judgment. Nearly five months later, on October 18, 2006, the defendants filed an opposition to the motion for default judgment as well as cross motions to vacate entry of default and to dismiss for lack of personal jurisdiction leading to this adjudication.

**II.  Legal Analysis**

   **A. Application for Default Judgment and Motion to Vacate**

      **1.   Default**

Pursuant to Fed. R. Civ. P. 55, the Court may enter default when a party against whom a judgment for relief is sought has failed to plead or otherwise defend and that fact is made apparent to the Court.  A party which defaults is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability.  <u>Franco</u> v. <u>Selective Ins. Co.</u>, 184 F.3d 4, 9 n.3 (1st Cir. 1999).

      **2.   Default Judgment**

If a defendant has been defaulted, judgment by default may be entered by the Clerk when the plaintiff's claim against a defendant is for a sum certain or a sum that can, by computation, be made certain.  Fed. R. Civ. P. 55(b)(1).  In all other cases the party entitled to judgment shall apply to the Court therefor and the Court may conduct a hearing to determine the amount of damages or to establish the truth of any averment or evidence. Fed. R. Civ. P. 55(b)(2).

      **3.   Removal of Default**

The Court may set aside an entry of default "[f]or good cause shown".  Fed. R. Civ. P. 55(c).  The First Circuit has identified seven factors which are often considered in determining whether such good cause has been shown:

>   1) whether the default was willful,
>
>   2) whether setting it aside would prejudice the adversary,
>
>   3) whether a meritorious defense is presented,
>
>   4) the nature of the defendant's explanation for the default,
>
>   5) the good faith of the parties,
>
>   6) the amount of money involved, and
>
>   7) the timing of the motion to set aside entry of default.

KPS & Assocs, Inc. v. Designs by FMC, Inc., 318 F.3d 1, 12 (1st Cir. 2003).

### B. Application for Default Judgment and Motion to Vacate Entry of Default

In their opposition to the motion for default judgment and cross-motion to vacate entry of default, the defendants explain that Mr. Carbo, the attorney they originally hired to represent them, experienced severe problems as a result of Hurricane Katrina in August, 2005. Despite his representations that he would handle the litigation for the defendants, Mr. Carbo apparently failed to respond to the complaint or entry of default. The defendants subsequently retained new counsel after receiving a copy of the plaintiff's application for default judgment.

Bearing in mind that the Court "should resolve doubts in favor of a party seeking relief from the entry of default", Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989), one of the worst natural disasters in American history qualifies, in the opinion of the Court, as "good cause." The application for default judgment has, therefore, previously been denied, and the cross-motion to vacate entry of default has been allowed.

**C. Motion to Dismiss: Legal Standard**

A court may not dismiss a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "unless it appears, beyond doubt, that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief." Judge v. City of Lowell, 160 F.3d 67, 72 (1st Cir. 1998)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In considering the merits of a motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000) aff'd, 248 F.3d 1127 (1st Cir. 2000). Furthermore, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. American Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). If the facts in the complaint are sufficient to state a cause of action,

a motion to dismiss the complaint must be denied.  See Nollett, 83 F. Supp. 2d at 208.

### D.   Motion to Dismiss for Lack of Personal Jurisdiction

Pursuant to Fed. R. Civ. P. 12(b)(2), the defendants also move for dismissal of the action for lack of personal jurisdiction.  Mr. Lavenia, the defendant, contends that he resides in Louisiana and has no contacts with Massachusetts and that, furthermore, his company, A. Best Sewer, the corporate defendant, does no business in Massachusetts.

The plaintiff contends that the defense of lack of personal jurisdiction is waived because the defendants failed to raise it within the time period prescribed by Rule 12.  Because the Court has excused the defendants for failing to respond timely to the complaint, it will also allow them to raise the jurisdictional issue.  Nevertheless, the defendants' arguments are meritless and the Court will retain jurisdiction.

#### 1.   Personal Jurisdiction

In order for jurisdiction to be proper in this district, the plaintiff bears the burden of demonstrating that the defendants' conduct satisfies both the Massachusetts long-arm statute, M.G.L. c. 233A, § 3, and that the exercise of jurisdiction pursuant to that statute comports with the due process requirements of the Fourteenth Amendment to the United States Constitution.

The defendants contend that they do not have sufficient minimum contacts in Massachusetts because they do not solicit business in Massachusetts and their website clearly states that they only do business in Louisiana.  Earlier cases dealing with personal jurisdiction over web-based businesses have focused on whether the websites are "active", i.e., business may actually be transacted over the website, or "passive", i.e., the website serves merely as an advertisement for a company. See Gather, Inc. v. Gatheroo, LLC, 443 F.Supp.2d 108, 115-16 (D. Mass. 2006), citing Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F.Supp. 1119, 1126 (W.D.Pa. 1997).  The defendants contend that their website is passive because it only advertises their services and provides no mechanism by which orders can be placed online.

The defendants' argument misses the mark.  This Court has previously held that alleged misuse of a trademark belonging to a Massachusetts company on a website that is continuously available to Massachusetts residents is enough to establish personal jurisdiction under both the state long-arm statute and the Fourteenth Amendment. Venture Tape Corp. v. McGills Glass Warehouse, 292 F. Supp.2d 230, 233 (D. Mass. 2003).  The plaintiff in this case is a Massachusetts corporation with a principal place of business in Massachusetts.  The defendants' website is continuously available to Massachusetts residents.  The plaintiffs have submitted evidence demonstrating actual

confusion by potential customers and franchisees about the identity and location of the parties.  Because the plaintiff resides in Massachusetts, that injury is suffered in Massachusetts.  The Venture Tape opinion is squarely on point and the defendants' motion to dismiss for lack of personal jurisdiction will, therefore, be denied.

### 2.   Abstention

The defendants also suggest, in a footnote, that this Court should abstain from assuming jurisdiction over this matter because a parallel state proceeding is pending in Louisiana.  Evidently, the defendants have filed an action in state court claiming prior use of the mark in Louisiana and contend that this case should be dismissed to allow the issue to be resolved in Louisiana, where it was first joined.

The defendants' contention is without merit.  Under specific circumstances, a federal district court may abstain from ruling on an issue when a parallel state proceeding is pending.  See Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976).  In Colorado River, the United States Supreme Court held that district courts ought not dismiss or stay an action on account of the existence of parallel state litigation unless "exceptional circumstances" exist, and set forth the following factors to consider:

> 1) whether both forums are attempting to assume jurisdiction over the same res,

>    2)   the relative inconvenience of the federal forum,
>
>    3)   the need to avoid piecemeal litigation, and
>
>    4)   the order in which the state and federal proceedings were filed.

Id. at 818-19.  In this case, although the state action was filed first, state and federal courts are not competing over jurisdiction of the same res because no res is involved.  The federal forum is not inconvenient where this Court has personal jurisdiction over the defendants and the Court is located in a major city.  Finally, unlike the extraordinarily complex litigation at issue in Colorado River, this is a relatively simple case that turns on the question of whether the defendants are inappropriately using the plaintiff's trademark.

The Court will not, therefore, stay or dismiss this action based on the doctrine of abstention.  Whichever forum first enters judgment on the action will determine the outcome of the case.

**ORDER**

In accordance with the foregoing, the defendants' motion to dismiss for lack of personal jurisdiction (Docket No. 33) is **DENIED**.

**So ordered.**

/s/Nathaniel M. Gorton<br>
Nathaniel M. Gorton<br>
United States District Judge

Dated March 16, 2007