UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHSUETTS

_____
A CORP. d/b/a ROOTER MAN,              )
    Plaintiff,                                           )
                                                           )
v.                                                         )
                                                           )    CIVIL ACTION NO.
A BEST SEWER & DRAIN SERVICE, INC., and )    05-11655 NMG
GUY JOSEPH LAVENIA SR.,                )
    Defendants.                                       )
_____)

**DEFENDANTS' ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT**

    A Best Sewer & Drain Service, Inc. ("A Best"), and Guy Joseph Lavenia Sr. ("Mr. Lavenia") hereby respond to the numbered paragraphs of plaintiff's Verified Complaint as follows:

### INTRODUCTION

    The introduction is a description of plaintiff's claim and, thus, requires is requires no response. To the extent a response is deemed required, defendants deny the allegations contained in the introduction.

### PARTIES

    1.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

    2.    Defendants admit the allegations contained in paragraph 2 and state, by way of further answer, that the corporation was formed as Best Sewer & Drain Service, Inc., but that it has done business A Best Sewer & Drain Service, Inc.

    3.    Defendants admit the allegations contained in paragraph 3.

    4.    Paragraph 4 states conclusions of law to which no response is required.

5. Paragraph 5 states conclusions of law to which no response is required. To the extent a response is deemed required, defendants deny the allegations contained in paragraph 5.

6. Paragraph 6 states conclusions of law to which no response is required. To the extent a response is deemed required, defendants deny the allegations contained in paragraph 6.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. Defendants deny the allegations contained in the first sentence of paragraph 9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 9.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. The third sentence of paragraph 12 states a conclusion of law as to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12.

13. Defendants deny the allegations contained in paragraph 13 as stated. By way of further answer, defendants state that A Best was formed in or about February 2, 1976 to provide plumbing, sewer, and drain clearing services.

14. Defendants deny the allegation contained in paragraph 14. By way of further answer, defendants state that A Best began using the "Rooter Man" mark in 1977. If first registered the "Rooter Man" mark with the tag line "Sewer & Drain Cleaning Specialists – When Your Drains Don't Work – We Do" in Louisiana in 1990. It registered "Rooter Man" in stylized lettering in Louisiana in 1996.

15. Defendants admit that A Best used the "Rooter Man" mark in Louisiana only and that it has done so since 1977. Defendants deny the remaining allegations contained in paragraph 15.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. Defendants admit that Mr. Lavenia attended the February 2001 International Expo in Nashville, Tennessee on behalf of A Best, and that he wore a jacket and possessed business cards with the name "Rooter Man" on them. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations about plaintiff's activities at the International Expo. Defendants deny the remaining allegations contained in paragraph 17.

18. Defendants are without knowledge or information sufficient to form a belief as to Mr. Donald MacDonald's state of mind or his position within A Corp. Defendants deny the remaining allegations contained in paragraph 18.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff "lost" "prospective franchisees" who were seen talking with Mr. Lavenia. The defendants deny the remaining allegations

contained in paragraph 19 or that any alleged "loss" was a result of any wrongful conduct by Mr. LaVenia.

20. Defendants deny that their conduct at the February 2001 International Expo was infringing. Defendants admit that A Best registered the domain name *abestrooterman.com* in October 2001, with Mr. Lavenia listed as the administrative contact. Defendants deny the remaining allegations contained in paragraph 20.

21. Defendants deny the allegations contained in paragraph 21 as stated. By way of further answer, defendants admit that A Best advertises its services on the website *abestrooterman.com* which is accessible to anyone with an internet connection.

22. Defendants deny the allegations contained in the first sentence of paragraph 22. By way of further answer, defendants state that for a short period of time A Best used the ® symbol in error and without knowledge of its meaning, but removed it once it learned of the error. Defendants further answer that this short-lived and inadvertent error caused no damage to the plaintiff. Defendants admit that the documents attached to the complaint as Exhibits B and C appear to be partial page print-outs from a former version of A Best's website and an A Best advertisement.

23. Defendants deny the allegations contained in paragraph 23.

24. Defendants deny the allegations contained in paragraph 24.

25. Defendants deny the allegations contained in paragraph 25.

26. Defendants admit that plaintiff has attempted to interfere with A Best's use of the "Rooter Man" mark, that the letters attached to the Complaint as Exhibit E were sent by plaintiff's counsel, and that A Best filed a civil action against the plaintiff in Louisiana state court in 2004. The pleadings in that lawsuit speak for themselves and

4

defendants deny plaintiff's characterizations thereof. Defendants deny the remaining allegations contained in paragraph 26.

27. Defendants admit that plaintiff's counsel sent A Best's counsel the letter attached to the Complaint as Exhibit F, which speaks for itself. Defendants deny plaintiff's characterization thereof and deny the remaining allegations contained in paragraph 27.

## COUNT I

### (Federal Trademark Infringement)

28. Defendants incorporate by reference their responses to paragraphs 1 through 27 as if fully set forth herein.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. Paragraph 30 states conclusions of law to which no response is required. To the extent a response is deemed required, the defendants deny the allegations contained in paragraph 30.

31. Defendants deny the allegations contained in paragraph 31.

32. Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations about the nature of the services provided by plaintiff's franchisees. Defendants deny the remaining allegations contained in paragraph 32.

33. Defendants deny the allegations contained in paragraph 33.

34. Defendants deny the allegations contained in paragraph 34.

35. Defendants deny the allegations contained in paragraph 35.

36. Defendants deny the allegations contained in paragraph 36.

37. Defendants deny the allegations contained in paragraph 37.

## COUNT II

### (False Designation of Origin, False Descriptions)

38. Defendants incorporate by reference their responses to paragraphs 1 through 37 as if fully set forth herein.

39. Defendants deny the allegations contained in paragraph 39.

40. Defendants deny the allegations contained in paragraph 40.

41. Defendants deny the allegations contained in paragraph 41.

42. Defendants deny the allegations contained in paragraph 42.

43. Defendants deny the allegations contained in paragraph 43.

44. Defendants deny the allegations contained in paragraph 44.

45. Defendants deny the allegations contained in paragraph 45.

## COUNT III

### (Injury to Business Reputation and Trade/Service Mark – Dilution)

46. Defendants incorporate by reference their responses to paragraphs 1 through 45 as if set forth herein.

47. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 47. Defendants deny the allegations contained in the second sentence of paragraph 47.

48. Defendants admit that A Best's use of the Rooter Man term is commercial in nature. Defendants deny the remaining allegations contained in paragraph 48.

49. Defendants deny the allegations contained in paragraph 49.

50. Defendants deny the allegations contained in paragraph 50.

51. Defendants deny the allegations contained in paragraph 51.

52. Defendants deny the allegations contained in paragraph 52.

## COUNT IV

### (Unfair Competition – Unfair and Deceptive Business Practices)

53. Defendants incorporate by reference their responses to paragraphs 1 through 52 as if fully set forth herein.

54. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54.

55. Defendants admit that for a short period of time A Best used the ® symbol in error and without knowledge of its meaning, but removed it once it learned of the error. Defendants further answer that this short-lived and inadvertent error caused no damage to the plaintiff. Defendants deny the remaining allegations contained in paragraph 55.

56. Defendants deny the allegations contained in paragraph 56.

57. Defendants deny the allegations contained in paragraph 57.

## COUNT V

### (Unjust Enrichment)

58. Defendants incorporate by reference their responses to paragraphs 1 through 57 as if set forth herein.

59. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59.

60.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60.

61.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61.

62.     Defendants admit that A Best did not incur significant expense or efforts in developing or marketing nationwide, as it does not have, nor has it ever sought, a market outside of the State of Louisiana. Defendants deny the remaining allegations contained in paragraph 62.

63.     Defendants deny the allegations contained in paragraph 63.

## COUNT VI

### (Fraud)

64.     Defendants incorporate by reference their responses to paragraphs 1 through 63 as if set forth herein.

65.     Defendants admit that they have no federally registered trade or service mark.

66.     Defendants deny the allegations contained in paragraph 66.

67.     Defendants deny the allegations contained in paragraph 67.

68.     Defendants deny the allegations contained in paragraph 68.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The plaintiff's claims have been waived by, among other things, plaintiff's failure to assert them in the litigation brought against plaintiff by A Best in Louisiana.

## Second Affirmative Defense

The plaintiff's Complaint fails to state a claim upon which relief can be granted.

## Third Affirmative Defense

The plaintiff's claims are barred by the doctrine of laches.

## Fourth Affirmative Defense

The plaintiff's claims are barred by the doctrine of estoppel.

## Fifth Affirmative Defense

The plaintiff has knowingly made false accusations against defendants and is using the legal process for the improper purpose of thwarting competition. Accordingly, plaintiff is guilty of inequitable conduct and comes into this Court with unclean hands.

## Sixth Affirmative Defense

The plaintiff's claims are barred by the doctrine of fair use.

## Seventh Affirmative Defense

The plaintiff is barred from seeking damages due to its failure to mitigate the same.

## Eighth Affirmative Defense

The plaintiff's claims are barred because the plaintiff cannot demonstrate any likelihood that the public will be confused or misled that A Best, a local Louisiana business, is in any way associated with the plaintiff or its franchise.

## Ninth Affirmative Defense

The plaintiff's claims are barred by the doctrine of acquiescence.

### Tenth Affirmative Defense

Some or all of the plaintiff's claims are barred by the applicable statute of limitations.

### Eleventh Affirmative Defense

There is no personal jurisdiction over the defendants in Massachusetts.

### Twelfth Affirmative Defense

Plaintiff has no exclusive right, incontestable or otherwise, to use the phrase "Rooter Man" Louisiana where plaintiff has used the term as its service mark since 1977 which is prior to any use there by plaintiff.

### Thirteenth Affirmative Defense

Plaintiff has no presumptive or incontestable exclusive right to use the phrase "Rooter Man" by virtue of its federal registration which is a special form registration only.

### Fourteenth Affirmative Defense

The phrase "Rooter Man" lacks secondary meaning associated with plaintiff.

WHEREFORE, defendants request that this Court:

1. Enter a judgment dismissing all Counts of the Verified Complaint;
2. Award them their reasonable attorneys' fees and costs incurred in defending this action;
3. Award them such other and further relief as may be just and appropriate.

                                            Respectfully submitted,

                                            BEST SEWER & DRAIN, INC.
                                            and GUY LAVENIA SR.,

                                            By their attorneys,

                                            */s/Barbara Gruenthal*
                                            Barbara Gruenthal (BBO# 544029)
                                            Howard H. Wang (BBO# 662891)
                                            COOKE, CLANCY & GRUENTHAL, LLP
                                            265 Franklin Street
                                            Boston, MA 02110
                                            (617) 428-6800

Dated: March 23, 2007

CERTIFICATE OF SERVICE

     I, Barbara Gruenthal, hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on March 23, 2007.

                                            /s/ *Barbara Gruenthal*
                                            Barbara Gruenthal