UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
A CORP. D/B/A ROOTER MAN            )
                         Plaintiff  )
                                    )
v.                                  )
                                    )        CIVIL ACTION NO.
A BEST SEWER & DRAIN SERVICE, INC., and )    05 CA 11655 NMG
GUY JOSEPH LAVENIA SR.,             )
                         Defendants )
                                    )
_____ )
```

**LOCAL RULE 16.1(D) JOINT STATEMENT**

Pursuant to Local Rule 16.1(D) and the Court's Notice of Scheduling Conference scheduled for August 3, 2007, the parties in the above captioned case have conferred and jointly submit the following report:

**I.   Proposed Agenda of Matters to be Discussed at August 3 Scheduling Conference:**

1. The status of settlement discussions.

2. The parties' jointly proposed pre-trial schedule and discovery plan.

3. The parties' proposed Confidentiality Stipulation and Agreed Protective Order, attached hereto as Exhibit A.

4. Any other matters the Court deems appropriate.

**II.  Proposed Pre-Trial Schedule and Discovery Plan:**

The parties jointly propose the following pre-trial schedule and discovery plan:

1. All written discovery requests shall be served by February 28, 2008.

1

2. Acceptable format for electronically stored information shall include native format or as ".tif" files, as hard copies if reasonably feasible and useful in that form, and/or in such other forms as parties may agree.

3. All depositions shall be completed by June 30, 2008.

4. Expert witness disclosures, if any, and the information specified in Fed. R. Civ. P. 26(a)(2)(B) shall be made as directed by the Court but no later than 90 days before trial.

5. Any dispositive motions shall be filed by September 30, 2008.

6. Oppositions to dispositive motions shall be filed within 35 days of service of any such motions.

7. Reply memoranda, if any, shall be filed within 21 days after service of such oppositions.

8. The parties request that the Court now set a date for a hearing on dispositive motions in December 2008 or the earliest date thereafter that is convenient for the Court.

9. To the extent anything remains to be tried, the parties propose that the Court schedule a final pre-trial conference for a date in February 2009 or the earliest date thereafter that is convenient for the Court and which the Court believes will allow sufficient time for the Court to rule on the parties' dispositive motions before the pre-trial conference is held.

### III.   Local Rule 16.1(D)(3) Certifications:

Counsel have conferred with their respective clients concerning the matters set forth in Local Rule 16.1(D)(3). Certifications of appropriate representatives of the Plaintiff and of the Defendants are attached hereto as Exhibits B and C, respectively.

IV.     **Consent to Trial Before United States Magistrate Judge:**

The Parties decline the opportunity to conduct trial before a U.S. Magistrate Judge.

| | |
|---|---|
| A CORP. d/b/a ROOTER-MAN, | BEST SEWER & DRAIN SERVICE, INC. and GUY JOSEPH LAVENIA SR., |
| By its attorney, | By their attorneys, |
| */s/ Juan Liu* | */s/ Barbara Gruenthal* |
| Juan Liu (BBO# 655921) | Barbara Gruenthal (BBO# 544209) |
| William H. McCarter, Jr. (BBO#327620) | Howard H. Wang (BBO# 662891) |
| P.O. Box 290 | COOKE CLANCY & GRUENTHAL LLP |
| Billerica, MA | 265 Franklin Street |
| (978) 670-0718 | Boston, MA 02110 |
| | (617) 428-6800 |

Dated: July 26, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHSUETTS

| | |
|---|---|
| A CORP. d/b/a ROOTER MAN,<br>         Plaintiff,<br><br>v.<br><br>A BEST SEWER & DRAIN SERVICE, INC., and<br>GUY JOSEPH LAVENIA SR.,<br>         Defendants. | )<br>)<br>)<br>)<br>)     CIVIL ACTION NO.<br>)     05-11655 NMG<br>)<br>)<br>) |

**CONFIDENTIALITY STIPULATION AND AGREED PROTECTIVE ORDER**

It is hereby stipulated by and among the parties to this action and the Court hereby orders that:

1. This Confidentiality Stipulation and Agreed Protective Order (the "Order") shall govern the production of all discovery material, including documents, answers to interrogatories, admissions, and deposition testimony during the course of pretrial discovery in this action. "Document," in this context, is used herein in its broadest possible sense. *See* Fed.. R. Civ. P. 34.

2. "Confidential Information" includes information which is confidential, proprietary, or unavailable to the public from other sources and the unauthorized disclosure of which is reasonably likely to lead to injury. Discovery material containing Confidential Information may be designated "Confidential" by any party (the "Designating Party").

3. "Confidential – Attorneys' Eyes Only Information" includes Confidential Information of a heightened sensitivity, such that its disclosure to any other party to this action (the "Receiving Party") is reasonably likely to lead to injury.

"Confidential – Attorneys' Eyes Only Information" may include confidential pricing or customer information of competitive value. Discovery material containing "Confidential – Attorneys' Eyes Only" information may be designated "Confidential – Attorneys' Eyes Only" by the Designating Party.

4. All Confidential Information which is produced during the course of pretrial discovery in this action and all documents containing Confidential Information shall not be disclosed to, discussed with, or used by anyone except:

    (a)    The parties in the above captioned matter;

    (b)    Partners and employees of law firms that are counsel of record in this matter or in the action encaptioned *A Best Sewer & Drain Service, Inc. v. A Corp.*, 24th Judicial District for the Parish of Jefferson, State of Louisiana, No. 615-277 (the "Louisiana Action");

    (c)    Persons with prior knowledge of documents containing Confidential Information or the Confidential Information therein; and

    (d)    Prospective, consulting and designated experts for the parties for purposes of assisting the parties and their attorneys in the preparation and presentation of their claims or defenses in this matter.

5. All Confidential – Attorneys' Eyes Only Information which is produced during the course of pretrial discovery in this action and all documents containing

- 3 -

        Confidential – Attorneys' Eyes Only Information shall not be disclosed to, discussed with, or used by anyone except:

        (a)    Partners and employees of law firms that are counsel of record in this matter or in the Louisiana Action;

        (b)    Prospective, consulting and designated experts for the parties for purposes of assisting the parties and their attorneys in the preparation and presentation of their claims or defenses in this matter.

6.    Prior to disclosure of Confidential Information or Confidential – Attorneys' Eyes Only Information to any person identified in paragraphs 4 or 5 above (except partners and employees of law firms who are counsel of record in this matter or in the Louisiana Action) the person to whom disclosure will be made shall be given a copy of this Order, shall read it and shall consent in writing to be bound by the terms, conditions and limitations of this Order by executing a form of consent in the form annexed hereto as Exhibit "A."

7.    Any testifying witness at a deposition in this matter, as well as counsel for such witness, may be shown documents designated "Confidential" provided (a) that the Designating Party assents in advance and in writing to the material being shown to the witness and (b) that the witness and his counsel agree to be bound by the terms of this Order and to sign Exhibit A attached hereto.

8.    Confidential Information and Confidential Attorneys' Eyes Only Information shall be used by the receiving party solely in the prosecution and defense of this action.

9. No copies of any materials designated hereunder shall be made for, or delivered to, any person other than those categories of persons referred to in paragraphs 4 and 5 above. This provision shall not prevent the parties or counsel for the parties from making copies, or engaging a copy service to make copies for their own use.

10. All discovery material designated as Confidential or Confidential – Attorneys' Eyes Only hereunder shall be identified as follows. The party so marking or designating such material shall use reasonable efforts to indicate and distinguish the confidential and non-confidential portions of such material.

    a. In the case of interrogatory answers, other discovery responses, documents, or things, the material will be so identified and labeled by that person or party as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as appropriate. Such identification and marking shall be made at or prior to the time the answer to the interrogatory or other discovery response is served, a copy of the document is provided, or such inspection of things is made.

    b. In the case of deposition transcript pages, the designating person shall advise the parties, within thirty (30) calendar days following receipt by the designating person of the deposition transcript, as to the specific deposition transcript pages to be maintained in confidence. During said thirty-day period, the entire deposition transcript shall be deemed to be a Confidential Attorneys' Eyes Only Document. Unless identified and marked, any confidentiality is waived unless otherwise stipulated or ordered.

- 5 -

11. This Order shall not apply to any documents, or information contained therein, which are available publicly or are a matter of public record on file with any governmental or regulatory agency or board.

12. This Order does not restrict employees or consultants of a party designating information "Confidential" or "Confidential – Attorneys' Eyes Only" from reviewing or using the materials so designated by that party for any purpose.

13. Any party that believes that discovery material has been incorrectly designated may send to counsel for the party that has made the designation a notice explaining why the designation appears to be incorrect and requesting a change in the designation. If the designating party does not agree to change the designation within seven (7) calendar days of such written notice, the party seeking to change the designation may apply to the Court for a ruling as to the proper designation of the material in question.

14. Within thirty (30) calendar days of the final determination of this action, including appeals, each party shall return all discovery designated hereunder, including all copies thereof, via certified mail, to counsel for the designating party, or destroy all such material, with appropriate certification.

15. Nothing in this Order shall be construed as a waiver by any party of their right to object to a request for any discovery.

16. All obligations imposed by the terms and conditions of this Order shall survive the termination of this action and be enforceable by any party in the United States District Court for the District of Massachusetts. This Order cannot be modified except by an order of this Court.

- 6 -

17. The breach of any term of this Order shall be deemed to be breach of the entire Order. Either party's failure to pursue a breach of this Order shall not be deemed to be a waiver of that party's right to pursue any other breach of this Order.

18. If the Court determines that a breach of Order has occurred the non-breaching party shall be entitled to its attorneys' fees incurred in connection with enforcing its right under this Order.

| | |
|---|---|
| A CORP., | BEST SEWER & DRAIN SERVICE, INC. and GUY JOSEPH LAVENIA SR., |
| By its attorney, | By their attorneys, |
| */s/ Juan Liu*<br>Juan Liu (BBO# 655921)<br>William H. McCarter, Jr. (BBO#327620)<br>P.O. Box 290<br>Billerica, MA<br>(978) 670-0718 | */s/ Barbara Gruenthal*<br>Barbara Gruenthal (BBO# 544209)<br>Howard H. Wang (BBO# 662891)<br>COOKE CLANCY & GRUENTHAL LLP<br>265 Franklin Street<br>Boston, MA 02110<br>(617) 428-6800 |

SO ORDERED:

_____
Nathaniel M. Gorton
United States District Judge

Dated: _____

- 7 -

EXHIBIT "A"

AGREEMENT CONCERNING STIPULATION AND ORDER

I, _____ have read the Stipulation and Order entered in the United States District Court on _____, 2007, in the action entitled *A Corp. v. A Best Sewer & Drain Service, Inc., et. al.*, Civil Action No. 05-11655-NMG, and I understand the terms thereof, and agree to be bound by such terms.  I will not disclose to any person other than those specifically authorized by the Stipulation and Order, and will not copy or use except solely for the purpose of this litigation, any information, protected by the Stipulation and Order except as expressly permitted by the Court.

Agreed:            _____

Name and address:  _____

                        _____

                        _____

Dated: _____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| A CORP. D/B/A ROOTER MAN ) | | |
| Plaintiff ) | | |
| ) | | |
| v. ) | | |
| ) | CIVIL ACTION NO. | |
| A BEST SEWER & DRAIN SERVICE, INC., and ) | 05 CA 11655 NMG | |
| GUY JOSEPH LAVENIA SR., ) | | |
| Defendants ) | | |
| ) | | |

**PLAINTIFF'S LOCAL RULE 16.1(D)(3) CERTIFICATIONS**

Pursuant to Local Rule 16.1(D)(3), Mr. Donald Macdonald, the President and CEO of Plaintiff A Corp d/b/a Rooter Man, and Juan Liu, counsel for Plaintiff hereby certify that:

a. they have conferred with a view to establishing a budget for the costs of conducting the full course and various alternative courses of the litigation; and

b. to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4.

/s/ Juan Liu_____          /s/ Donald MacDonald_____
Juan (Jenny) Liu (BBO# 655921)            Donald MacDonald
                                          President & CEO

Dated: July 26, 2007                      Dated: July 26, 2007

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHSUETTS

_____
A CORP. d/b/a ROOTER MAN,            )
    Plaintiff,                                      )
                                                            )
v.                                                         )
                                                            )    CIVIL ACTION NO.
A BEST SEWER & DRAIN SERVICE, INC., and  )    05-11655 NMG
GUY JOSEPH LAVENIA SR.,              )
    Defendants.                                 )
_____)

## DEFENDANTS' LOCAL RULE 16.1(D)(3) CERTIFICAITON

Pursuant to Local Rule 16.1(D)(3) Guy LaVenia, Sr., individually and as President of Best Sewer & Drain Service, Inc., and Barbara Gruenthal, counsel for defendants hereby certify that: (1) they have conferred with a view to establishing a budget for the costs of conducting the full course of the litigation; and (2) to consider the resolution of the litigation through the use of alternative dispute resolution programs.

    */s/Barbara Gruenthal*                   */s/Guy LaVenia, Sr.*
    Barbara Gruenthal                        Guy LaVenia, Sr.