UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHSUETTS

_____
A CORP. d/b/a ROOTER MAN,                )
    Plaintiff,                          )
                                         )
v.                                       )
                                         )   CIVIL ACTION NO.
A BEST SEWER & DRAIN SERVICE, INC., and  )   05-11655 NMG
GUY JOSEPH LAVENIA SR.,                  )
    Defendants.                         )
_____)

**JOINT MOTION FOR ENTRY OF CONFIDENTIALITY ORDER**

The parties hereby jointly move for entry of the Confidentiality Stipulation and Order attached hereto as Exhibit 1. As discussed with the Court at the Scheduling Conference held on August 3, 2007, the proposed order includes suggested custody arrangements for any impounded materials upon conclusion of the litigation as required under Local Rule 7.2(a).

Respectfully submitted,

| | |
|---|---|
| A CORP. d/b/a ROOTER-MAN, | BEST SEWER & DRAIN SERVICE, INC. and GUY JOSEPH LAVENIA SR., |
| By its attorney, | By their attorneys, |
| */s/ Juan Liu* | */s/ Barbara Gruenthal* |
| Juan Liu (BBO# 655921) | Barbara Gruenthal (BBO# 544209) |
| William H. McCarter, Jr. (BBO#327620) | Howard H. Wang (BBO# 662891) |
| P.O. Box 290 | COOKE CLANCY & GRUENTHAL LLP |
| Billerica, MA | 265 Franklin Street |
| (978) 670-0718 | Boston, MA 02110 |
| | (617) 428-6800 |

Dated: August 14, 2007

**EXHIBIT 1**

Case 1:05-cv-11655-NMG    Document 45-2    Filed 08/14/2007    Page 1 of 9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHSUETTS

_____
A CORP. d/b/a ROOTER MAN,              )
    Plaintiff,                         )
                                       )
v.                                     )
                                       )    CIVIL ACTION NO.
A BEST SEWER & DRAIN SERVICE, INC., and )    05-11655 NMG
GUY JOSEPH LAVENIA SR.,                )
    Defendants.                        )
_____)

## CONFIDENTIALITY STIPULATION AND AGREED PROTECTIVE ORDER

It is hereby stipulated by and among the parties to this action and the Court hereby orders that:

1. This Confidentiality Stipulation and Agreed Protective Order (the "Order") shall govern the production of all discovery material, including documents, answers to interrogatories, admissions, and deposition testimony during the course of pretrial discovery in this action. "Document," in this context, is used herein in its broadest possible sense. *See* Fed.. R. Civ. P. 34.

2. "Confidential Information" includes information which is confidential, proprietary, or unavailable to the public from other sources and the unauthorized disclosure of which is reasonably likely to lead to injury. Discovery material containing Confidential Information may be designated "Confidential" by any party (the "Designating Party").

3. "Confidential – Attorneys' Eyes Only Information" includes Confidential Information of a heightened sensitivity, such that its disclosure to any other party to this action (the "Receiving Party") is reasonably likely to lead to injury.

- 1 -

"Confidential – Attorneys' Eyes Only Information" may include confidential pricing or customer information of competitive value. Discovery material containing "Confidential – Attorneys' Eyes Only" information may be designated "Confidential – Attorneys' Eyes Only" by the Designating Party.

4. All Confidential Information which is produced during the course of pretrial discovery in this action and all documents containing Confidential Information shall not be disclosed to, discussed with, or used by anyone except:

    (a)    The parties in the above captioned matter;

    (b)    Partners and employees of law firms that are counsel of record in this matter or in the action encaptioned *A Best Sewer & Drain Service, Inc. v. A Corp.*, 24th Judicial District for the Parish of Jefferson, State of Louisiana, No. 615-277 (the "Louisiana Action");

    (c)    Persons with prior knowledge of documents containing Confidential Information or the Confidential Information therein; and

    (d)    Prospective, consulting and designated experts for the parties for purposes of assisting the parties and their attorneys in the preparation and presentation of their claims or defenses in this matter.

5. All Confidential – Attorneys' Eyes Only Information which is produced during the course of pretrial discovery in this action and all documents containing

- 3 -

Confidential – Attorneys' Eyes Only Information shall not be disclosed to, discussed with, or used by anyone except:

    (a) Partners and employees of law firms that are counsel of record in this matter or in the Louisiana Action;

    (b) Prospective, consulting and designated experts for the parties for purposes of assisting the parties and their attorneys in the preparation and presentation of their claims or defenses in this matter.

6. Prior to disclosure of Confidential Information or Confidential – Attorneys' Eyes Only Information to any person identified in paragraphs 4 or 5 above (except partners and employees of law firms who are counsel of record in this matter or in the Louisiana Action) the person to whom disclosure will be made shall be given a copy of this Order, shall read it and shall consent in writing to be bound by the terms, conditions and limitations of this Order by executing a form of consent in the form annexed hereto as Exhibit "A."

7. Any testifying witness at a deposition in this matter, as well as counsel for such witness, may be shown documents designated "Confidential" provided (a) that the Designating Party assents in advance and in writing to the material being shown to the witness and (b) that the witness and his counsel agree to be bound by the terms of this Order and to sign Exhibit A attached hereto.

8. Confidential Information and Confidential Attorneys' Eyes Only Information shall be used by the receiving party solely in the prosecution and defense of this action.

9. No copies of any materials designated hereunder shall be made for, or delivered to, any person other than those categories of persons referred to in paragraphs 4 and 5 above. This provision shall not prevent the parties or counsel for the parties from making copies, or engaging a copy service to make copies for their own use.

10. All discovery material designated as Confidential or Confidential – Attorneys' Eyes Only hereunder shall be identified as follows. The party so marking or designating such material shall use reasonable efforts to indicate and distinguish the confidential and non-confidential portions of such material.

   a. In the case of interrogatory answers, other discovery responses, documents, or things, the material will be so identified and labeled by that person or party as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as appropriate. Such identification and marking shall be made at or prior to the time the answer to the interrogatory or other discovery response is served, a copy of the document is provided, or such inspection of things is made.

   b. In the case of deposition transcript pages, the designating person shall advise the parties, within thirty (30) calendar days following receipt by the designating person of the deposition transcript, as to the specific deposition transcript pages to be maintained in confidence. During said thirty-day period, the entire deposition transcript shall be deemed to be a Confidential Attorneys' Eyes Only Document. Unless identified and marked, any confidentiality is waived unless otherwise stipulated or ordered.

11. This Order shall not apply to any documents, or information contained therein, which are available publicly or are a matter of public record on file with any governmental or regulatory agency or board.

12. This Order does not restrict employees or consultants of a party designating information "Confidential" or "Confidential – Attorneys' Eyes Only" from reviewing or using the materials so designated by that party for any purpose.

13. Any party that believes that discovery material has been incorrectly designated may send to counsel for the party that has made the designation a notice explaining why the designation appears to be incorrect and requesting a change in the designation. If the designating party does not agree to change the designation within seven (7) calendar days of such written notice, the party seeking to change the designation may apply to the Court for a ruling as to the proper designation of the material in question.

14. If any party wishes to file with the Court a motion, opposition or other paper which includes or to which is attached any information designated by any other party as "Confidential" or "Confidential – Attorneys' Eyes Only" it shall file such motion, opposition or other paper in a sealed envelope bearing the case caption, the title of the motion, opposition or other paper, and the following legend: "Enclosed Materials Subject to Motion to Impound." The filing party shall file a motion to impound which conforms to the requirements of Local Rule 7.2 either in advance or on the same day as the material sought to be impounded.

15. All impounded materials shall remain impounded until twenty-one (21) calendar days after the final determination of this action, including appeals. Within

twenty-one days of such final determination, the filing party shall make arrangements to retrieve the impounded materials from the clerk's office.

16. Within thirty (30) calendar days of the final determination of this action, including appeals, each party shall return all discovery designated hereunder, including all copies thereof, via certified mail, to counsel for the designating party, or destroy all such material, with appropriate certification.

17. Nothing in this Order shall be construed as a waiver by any party of their right to object to a request for any discovery.

18. All obligations imposed by the terms and conditions of this Order shall survive the termination of this action and be enforceable by any party in the United States District Court for the District of Massachusetts. This Order cannot be modified except by an order of this Court.

19. The breach of any term of this Order shall be deemed to be breach of the entire Order. Either party's failure to pursue a breach of this Order shall not be deemed to be a waiver of that party's right to pursue any other breach of this Order.

20. If the Court determines that a breach of Order has occurred the non-breaching party shall be entitled to its attorneys' fees incurred in connection with enforcing its right under this Order.

- 7 -

| | |
|---|---|
| A CORP., | BEST SEWER & DRAIN SERVICE, INC. and GUY JOSEPH LAVENIA SR., |
| By its attorney, | By their attorneys, |
| */s/ Juan Liu* | */s/ Barbara Gruenthal* |
| Juan Liu (BBO# 655921) | Barbara Gruenthal (BBO# 544209) |
| P.O. Box 290 | Howard H. Wang (BBO# 662891) |
| Billerica, MA | COOKE CLANCY & GRUENTHAL LLP |
| (978) 670-0718 | 265 Franklin Street |
| | Boston, MA 02110 |
| | (617) 428-6800 |

SO ORDERED:

_____
Nathaniel M. Gorton
United States District Judge

Dated: _____

- 8 -

EXHIBIT "A"

AGREEMENT CONCERNING STIPULATION AND ORDER

I, _____ have read the Stipulation and Order entered in the United States District Court on _____, 2007, in the action entitled *A Corp. v. A Best Sewer & Drain Service, Inc., et. al.*, Civil Action No. 05-11655-NMG, and I understand the terms thereof, and agree to be bound by such terms. I will not disclose to any person other than those specifically authorized by the Stipulation and Order, and will not copy or use except solely for the purpose of this litigation, any information, protected by the Stipulation and Order except as expressly permitted by the Court.

Agreed:                _____

Name and address:      _____

                                      _____

                                      _____

Dated: _____